IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC., <br><br> Plaintiff, <br><br> v. <br><br> VICEROY RESEARCH LLC, *et al.*, <br><br> Defendants. | Case No. 2:23-cv-00408-JHE |

**DEFENDANT VICEROY'S MOTION TO DISMISS UNDER RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION AND SUPPORTING <u>MEMORANDUM</u>**

Defendant Viceroy Research LLC ("Viceroy") hereby moves to dismiss Plaintiff Medical Properties Trust, Inc.'s ("MPT") Complaint under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction.

MPT has failed to meet its burden of plausibly alleging facts establishing personal jurisdiction in this case. Viceroy has no presence or operations in Alabama. Further, as is apparent from the face of the Complaint and the exhibits attached thereto, Viceroy's alleged defamatory publications were published globally through its website, and Viceroy did not target or focus on Alabama readers apart from its global audience. Further, the publications did not focus on MPT's activities in Alabama; rather they addressed MPT's global operations,

including operations in Texas, Utah, Massachusetts, and foreign countries, such as Colombia and Malta. And the effects of the alleged harm of which MPT complains were not isolated to Alabama; rather the alleged effects were felt by MPT's global shareholders.

Under similar facts, courts routinely find that they lack jurisdiction. Viceroy respectfully requests that this Court do the same and dismiss the Complaint in its entirety.

## I.    FACTS

At its core, this is a defamation action that Plaintiff MPT brings against Defendant Viceroy and its members. MPT is a REIT incorporated in Maryland with its principal place of business in Alabama. *See* Complaint ("Compl.") ¶ 10. MPT is a publicly traded company that trades on the New York Stock Exchange. *Id.* ¶ 19. Viceroy is a financial research firm organized in Delaware. *Id* ¶ 11; Ex. A, Declaration of Fraser Perring, ¶ 3.

Viceroy has no operations in Alabama. Ex. A, Perring Decl., ¶ 4. It has never had offices there, employees or agents there, nor has it derived any revenue from any business activities in Alabama. *Id.* Viceroy does not advertise or otherwise conduct or solicit business in Alabama. *Id.* ¶ 5. No member, employee, agent, or anyone else connected to Viceroy has ever travelled to Alabama on any business related to Viceroy. *Id.* ¶ 6.

Viceroy publishes its reports and other statements exclusively on the internet, and it does not direct those publications to any particular country, or state, including Alabama. *Id.* ¶ 7. None of the alleged defamatory statements that MPT complains about were published by Viceroy or anyone else in Alabama. *Id.* ¶ 8. Rather, all the alleged defamatory statements were published on the internet, addressing a global audience. *Id.*

## II.     ARUGMENT

A "plaintiff seeking to establish personal jurisdiction over a nonresident defendant bears the initial burden of alleging in the complaint sufficient facts to make out a prima facie case of jurisdiction." *Louis Vuitton Malletier, S.A. v. Mosseri,* 736 F.3d 1339, 1350 (11th Cir. 2013) (citations omitted). MPT has failed to satisfy that burden here.

As Viceroy has no presence in Alabama, MPT clearly has no colorable basis to claim that Viceroy is subject to the general jurisdiction of the Court. Therefore, MPT must establish through its Complaint that the Court has specific jurisdiction over Viceroy.

The specific jurisdiction analysis is generally a two-step process that requires the Court to analyze whether a particular jurisdiction is appropriate under the forum state's long-arm statute and the Due Process Clause of the Fourteenth Amendment. *Sloss Industries, Corp v. Eurisol*, 488 F.3d 922, 925 (11th Cir. 2007).

But because Alabama's long-arm statute permits the exercise of personal jurisdiction to the fullest extent permissible under the Due Process Clause, the inquiries in this case merge, and the analysis is confined to whether jurisdiction comports with the Due Process Clause. *Id.*

Courts apply a three-part due process test in evaluating specific jurisdiction under the Due Process Clause: "(1) whether the plaintiff's claims 'arise out of or relate to' at least one of the defendant's contacts with the forum; (2) whether the nonresident defendant 'purposefully availed' himself of the privilege of conducting activities within the forum state, thus invoking the benefit of the forum state's law; and (3) whether the exercise of personal jurisdiction comports with 'traditional notions of air play and substantial justice.'" *Louis Vuitton* 736 F.3d at 1355. The plaintiff bears the burden of establishing the first two elements, and, if the plaintiff meets that burden, the defendant bears the burden of proving the third element. *Id.*

A.  **MPT's Claims Do Not Arise Out of or Relate to Any Viceroy Contacts with Alabama.**

A "fundamental element of the specific jurisdiction calculus is that [the] plaintiff's claim must arise out of or relate to at least one of the defendant's contacts with the forum." *Id.* The "inquiry must focus on the direct causal relationship between the defendant, the forum, and the litigation." *Id.*

Here, MPT has not plausibly alleged any contacts between Viceroy and Alabama that are related to MPT's claims. Viceroy's mere maintenance of a

4

passive website with global reach is insufficient to confer jurisdiction. *See*, *e.g.*, *Bond v. Ivy Tech State College*, 167 Fed. Appx. 103, 106 (11th Cir. 2006). While "a website is, in a sense, a continuous presence everywhere in the world," the mere maintenance of such a website creates "insubstantial" contacts with the forum. *Id.* (citing *Revell v. Lidov*, 317 F.3d 467, 470-71 (5th Cir. 2002)).

MPT claims that Viceroy's letter to MPT's auditor creates a sufficient contact with Alabama. *See* Compl. ¶ 83 and attached Ex. 2 (ECF No. 1-3). This is incorrect. Viceroy emailed the letter to an employee of PricewaterhouseCoopers LLP (PwC), whose office happened to be in Alabama. *Id.* The letter summarized Viceroy's findings and stated that that Viceroy "believe[d] MP[T]'s audit deserves greater scrutiny." *Id.*

But MPT's claims do not arise out or relate to Viceroy's act of emailing this letter to the PwC employee. Instead, MPT complains about Viceroy's *publishing* of this letter on its website to a *global* audience. Indeed, Exhibit 2 to the Complaint is not a copy of the letter itself, but a copy of the letter published on Viceroy's website. *Id.* In other words, the act of writing and sending this letter to PwC has no relevance to MPT's defamation claims; rather, it is the global publication of this letter that is the source of MPT's claimed harm. Therefore, Viceroy's act of emailing a single letter to an individual in Alabama is not a contact related to MPT's claims.

Finally, MPT attempts to impute the contacts of an unidentified "co-conspirator" who allegedly traveled to Alabama for a "diligence" trip concerning MPT. Compl. ¶ 83. As an initial matter, the constitutionality of the conspiracy theory of jurisdiction has been called into question. *Ex parte Maintenance Group, Inc.*, 261 So.3d 337, 348 n.2 (Ala. 2017). But even applying this theory, courts routinely reject it where, as here, a complaint fails to plausibly allege the existence of a conspiracy or how the acts of the co-conspirator establish jurisdiction. *Id.* at 347-48 (refusing to find co-conspiracy jurisdiction that was based on speculative allegations); *Canobinoti, LLC v. Woods*, 2022 WL 17417196, at *9 (S.D. Fla. 2022) (same); *Henkin v. Charity,* 2023 WL 2734788, at *10 (same).

The Complaint is devoid of any facts establishing a conspiracy—indeed it does not even identify who the supposed co-conspirator is. It further fails to define the scope of the conspiracy, how the alleged act of the co-conspirator furthered the conspiracy, or why that act is a relevant contact for jurisdictional purposes. This alleged contact cannot be imputed to Viceroy or establish jurisdiction over it.

**B.      Viceroy Did Not Purposefully Avail Itself of the Privilege of Conducting Activities in Alabama.**

In intentional tort cases there are two tests for determining whether purposeful availment occurred. *Louis Vuitton*, 736 F.3d at 1356. The first test is the traditional minimum contacts test, where the Court assesses whether a defendant's contacts with the forum state: "(1) are related to the plaintiff's cause of action; (2)

involve some act by which the defendant purposefully availed himself of the privileges of doing business in the forum; and (3) are such that the defendant should reasonably anticipate being haled into court in the forum." *Id.* As already established immediately above, MPT has failed to establish any relevant contacts between Viceroy and Alabama that would establish jurisdiction under this test.

The second test is the "effects test" which the Supreme Court articulated in *Calder v. Jones*, 465 U.S. 783 (1984). *Id.* Under the "effects test," a "nonresident defendant's single tortious act can establish purposeful availment, without regard to whether the defendant had any other contacts with the forum state" if "the tort: (1) was intentional; (2) was aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state." *Louis Vuitton*, 736 F.3d at 1356 (internal citations and quotations omitted).

Applying this test, courts routinely reject claims of jurisdiction based on alleged defamatory publications that do not target or focus on readers of the forum state apart from a global audience. In *Revel, supra*, for example, the Fifth Circuit held that an alleged defamatory article that did not target Texas readers as distinguished from readers in other states, and that did not have Texas as the focal point, was insufficient to establish jurisdiction. 317 F. Supp. at 473-76. The court rejected the notion that mere knowledge that a plaintiff would be harmed by the defamatory conduct was enough: "[The defendant] must have known that the harm

7

of the article would hit home wherever [the defendant] resided. But that is the case with virtually any defamation. A more direct aim is required than we have here." *Id.*

Other cases are in accord. *Remick v. Manfredy*, 238 F.3d 248 (3rd Cir. 2001) (lacking jurisdiction where there was nothing in the alleged defamatory publication indicating that it was targeted at residents of the forum state other than the plaintiff); *Young v. New Haven Advocate*, 315 F.3d 256, 258 (4th Cir. 2002) (no jurisdiction over online publisher; holding that the "newspapers must, through the Internet postings, manifest an intent to *target* and *focus* on Virginia readers" for jurisdiction to attach) (emphasis in original).

Here, as in *Revel, Remick,* and *Young*, Viceroy did not target or focus on Alabama readers. To the contrary, it targeted and focused on a global audience. Moreover, the alleged defamatory reports do not target MPT's activities in Alabama. Rather, they focus on MPT's operations globally, including Texas, Utah, Massachusetts, and foreign countries, such as Colombia and Malta. *See generally* Compl. and attached Ex. 1 (ECF No. 1-1, 1-2). And while the harm complained of does concern an Alabama-based company, the effects of that harm are not even concentrated in Alabama (which is nothing more than the physical location for MPT's corporate offices). Rather, the alleged harm impacted the global

shareholders of a global publicly traded company. Thus, there is no basis to find jurisdiction here under the "effects test."

## C.  Fair Play and Substantial Justice Favor a Finding of No Jurisdiction.

Because MPT has failed to meet its burden of proving the first two elements of jurisdiction described above, the Court need not reach this prong of the analysis. But fair play and justice also favor dismissal here. Viceroy has no operations in Alabama and its members are foreign nationals. Forcing Viceroy to defend a case in Alabama will work a substantial hardship on the company and its members. MPT, on the other hand, is a giant global company, and can easily prosecute its case in other states that may have jurisdiction over Viceroy, including Delaware.

## III.  CONCLUSION

For these reasons, Viceroy respectfully prays and requests that the Court dismiss MPT's Complaint in its entirety and tax costs to MPT in this action.

Respectfully submitted this 21st day of April, 2023.

| | |
|---|---|
| OF COUNSEL: | /s/ J. Ken Thompson |
| | J. KEN THOMPSON (ASB-1422-P67J) |
| ELIAS LLC | Attorney for Defendant, Viceroy |
| Richard M. Elias | Research, LLC |
| Todd Friedman | |
| 231 S. Bemiston, Suite 800 | J. Ken Thompson |
| St. Louis, MO 63105 | Attorney at Law |
| 314-391-6824 | P.O. Box 43116 |
| relias@eliasllc.com | Birmingham, Alabama 35243 |
| tfriedman@eliasllc.com | 205-601-5624 |
| | kent@jkenthompsonlaw.com |

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed I hereby certify that I electronically filed a true and correct copy of the foregoing, using the Court's CM/ECF system, which will automatically send email notification of said filing to:

Michael L. Bell
Wesley B. Gilchrist
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, Alabama 35203
Tel.: (205) 581-0700

*Attorneys for Plaintiff*

William Savitt (*pro hac vice* to be filed)
Sarah K. Eddy (*pro hac vice* to be filed)
Nathaniel Cullerton (*pro hac vice* to be filed)
Adabelle U. Ekechukwu (*pro hac vice* to be filed)
Sijin Choi (*pro hac vice* to be filed)
Charles M. Melman (*pro hac vice* to be filed)
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Tel.: (212) 403-1000

Corey Worcester (*pro hac vice* to be filed)
Jomaire A. Crawford (*pro hac vice* to be filed)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel.: (212) 849-7000

Anthony Bongiorno (*pro hac vice* to be filed)
QUINN EMANUEL URQUHART & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
Tel.: (617) 712-7100

*Attorneys for Plaintiff*

      */s/ J. Ken Thompson*
      J. KEN THOMPSON