UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC.,<br><br>         Plaintiff,<br><br>  -v.-<br><br>VICEROY RESEARCH LLC; FRASER JOHN PERRING; GABRIEL BERNARDE; and AIDAN LAU,<br><br>         Defendants. | Civil Action No. 2:23-cv-00408-MHH |

## PLAINTIFF'S ALTERNATIVE MOTION FOR JURISDICTIONAL DISCOVERY

Plaintiff Medical Properties Trust, Inc. ("MPT"), by and through its undersigned counsel, hereby files this Alternative Motion for Jurisdictional Discovery concurrently with, and in the alternative to, its Memorandum of Law in Opposition to Defendant Viceroy Research LLC's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) (the "Opposition").

### ARGUMENT

MPT's Opposition, which MPT incorporates herein by reference, establishes that Viceroy Research LLC ("Viceroy") is subject to personal jurisdiction in Alabama. The Court should deny Viceroy's motion to dismiss on that basis. However, if the Court believes there are insufficient jurisdictional facts at this early

stage, MPT files this Motion to formally request that the Court allow MPT the alternative relief of jurisdictional discovery related to Viceroy's contacts with the State of Alabama.

"A plaintiff faced with a motion to dismiss for lack of personal jurisdiction is entitled to reasonable discovery, lest the defendant defeat the jurisdiction of a federal court by withholding information on its contacts with the forum." *Farmers Ins. Co. v. SEMAR srl*, 2023 WL 2520726, at *4 (N.D. Ala. Mar. 14, 2023) (citation omitted). Jurisdictional discovery must be granted where "the jurisdictional question is genuinely in dispute and the court cannot resolve the issue in the early stages of the litigation." *Eaton* v. *Dorchester Dev., Inc.*, 692 F.2d 727, 729 n.7 (11th Cir. 1982) (citation omitted). If those two conditions are satisfied, a district court's refusal to give the plaintiff "an opportunity to develop facts sufficient to support a determination on the issue of jurisdiction" constitutes an abuse of discretion. *Id.* at 731.

Through an affidavit, Defendant Fraser Perring has denied all contacts with Alabama. Doc. 16-1. But "[a] plaintiff is not required to rely exclusively on a defendant's affidavit for resolution of a jurisdictional issue." *Speed* v. *Gestamp North America, Inc.*, 2017 WL 1047621, at *2 (N.D. Ala. 2017) (citation omitted).

While the pleaded facts in MPT's Complaint are sufficient on their own to defeat Viceroy's motion to dismiss, if the Court determines that it cannot resolve

this jurisdictional dispute on the present record, it should allow MPT to conduct limited discovery concerning the jurisdictional arguments raised by Viceroy in its motion to dismiss.  Limited jurisdictional discovery would cover the following topics disputed by Viceroy:

(1) Evidence that Viceroy intended to harm MPT in Alabama, or knew that such harm was a foreseeable consequence of its defamatory publications;

(2) Evidence that Viceroy intended its publications to reach an Alabama audience or that its publications reached an Alabama audience;

(3) Evidence of any communications from Viceroy to Alabama citizens or residents;

(4) Attempts by Viceroy to contact Alabama citizens or residents to obtain information concerning MPT;

(5) The identity and/or location of visitors to Viceroy's website, including whether any such visitors are Alabama citizens or residents;

(6) The identity and/or location of Viceroy's followers on social media, including whether any such followers are Alabama citizens or residents; and

(7) Viceroy's participation in, or encouragement of, the "diligence" trip to Alabama described in paragraph 83 of MPT's Complaint.

Should the Court decide that discovery is warranted, MPT is prepared to move promptly and requests a period of jurisdictional discovery of no more than 45 days from the date of the Court's order granting such limited discovery.

## CONCLUSION

MPT respectfully asks the Court to deny Viceroy's motion to dismiss under Fed. R. Civ. P. 12(b)(2). In the event the Court believes the jurisdictional issue cannot be resolved at this juncture, MPT respectfully requests that the Court grant its Alternative Motion for Jurisdictional Discovery.

Dated: May 5, 2023

                      Respectfully submitted,

                      LIGHTFOOT, FRANKLIN & WHITE LLC
                      Michael L. Bell
                      Wesley B. Gilchrist
                      Meghan S. Cole

                      By:   */s/ Michael L. Bell*
                              Michael L. Bell

                      WACHTELL, LIPTON, ROSEN & KATZ
                      William Savitt
                      Sarah K. Eddy
                      Nathaniel Cullerton
                      Adabelle U. Ekechukwu
                      Sijin Choi
                      Charles M. Melman
                      Kelsey A. Borenzweig
                      51 West 52nd Street
                      New York, NY 10019
                      Telephone:  (212) 403-1000
                      Facsimile:  (212) 403-2000

                      QUINN EMANUEL URQUHART & SULLIVAN, LLP
                      Corey Worcester
                      Jomaire A. Crawford
                      51 Madison Avenue, 22nd Floor
                      New York, NY 10010
                      Telephone:  (212) 849-7000

                      QUINN EMANUEL URQUHART & SULLIVAN, LLP
                      Anthony Bongiorno (*pro hac vice* to be filed)
                      111 Huntington Avenue, Suite 520
                      Boston, MA 02199
                      Telephone:  (617) 712-7100

                      *Attorneys for Plaintiff*
                      MEDICAL PROPERTIES TRUST, INC.

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiff's Alternative Motion for Jurisdictional Discovery was electronically filed with the Clerk of the Court using the CM/ECF system, which shall serve it on all counsel of record.

Dated: May 5, 2023

By: */s/ Michael L. Bell*
Michael L. Bell