IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC., <br><br> Plaintiff, <br><br> v. <br><br> VICEROY RESEARCH LLC, *et al.,* <br><br> Defendants. | Case No. 2:23-cv-00408-RDP |

**DEFENDANT VICEROY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS UNDER RULE 12(b)(2) FOR LACK OF PERSONAL JURISDICTION**

**A.  The Single Letter Viceroy Sent to MPT's Auditor Does Not Support Jurisdiction.**

There is perhaps no greater display of the weakness of a party's position than its failure to address critical arguments raised by its opponent. Here, MPT *leads* its opposition by claiming that the single letter that Viceroy sent to MPT's auditor in Alabama is a sufficient minimum contact to establish jurisdiction over Viceroy.

But MPT does not address the argument raised by Viceroy in its opening brief that the act of sending this letter to Alabama is not related to MPT's claims. This is because MPT is not alleging that the ***sending*** of this letter to its auditor,

who happened to be in Alabama, is what defamed it; rather, it alleges that it was defamed by Viceroy's act of ***publishing*** it to a worldwide audience on its website.

MPT does not address this argument because it ***has no answer to it***. The alleged Alabama contact of sending the letter was thus, at best, a fortuitous one, and MPT's defamation claims do not arise out of relate to this meager contact.

B.  **MPT Cites No Authority Supporting Its Position That Publications Through a Global Website About an International Company's Global Operations Establishes Jurisdiction in the Company's Home State.**

In support of its motion, Viceroy cited three circuit cases (there are more) holding that where, as here, a foreign defendant is alleged to have defamed a plaintiff by directing a publication to a global audience not targeted to the readers of the forum state, there are insufficient contacts to establish jurisdiction, even though the defendant knows the plaintiff resides in the forum state and will suffer substantial harm there. *Revell v. Lidov*, 317 F.3d 467, 470-71 (5th Cir. 2002); *Remick v. Manfredy*, 238 F.3d 248 (3rd Cir. 2001); *Young v. New Haven Advocate*, 315 F.3d 256, 258 (4th Cir. 2002). MPT has cited no cases holding otherwise, and its attempts to distinguish these cases are disingenuous and ring hollow. The unconverted authority compels that Viceroy be dismissed for lack of jurisdiction.

C.  **MPT Cannot Bootstrap Jurisdiction Through a Vague and Implausibly Alleged "Conspiracy."**

As a last-ditch effort to salvage its jurisdictional argument, Viceroy clings to its vague allegations of jurisdictional contacts through an alleged "conspirator."

But despite being challenged to do so in our opening brief, MPT has still failed to identify any plausible facts supporting this conspiracy. It fails to identify when, how, or where this alleged conspiracy was formed, what its mission or scope was, or what, if any, joint financial motive the co-conspirators had. ***Indeed, MPT still cannot identify who the alleged conspirators are***. MPT cannot create jurisdiction through these vague allegations of alleged conspiratorial ghosts.

D.     **MPT's Motion for Jurisdictional Discovery Should Be Denied.**

Discovery "regarding personal jurisdiction should be permitted when a plaintiff offers documentary evidence, not merely speculations or conclusory allegations regarding a defendant's conduct with a forum state." *Foscato v. Chaparral Boats, Inc.*, 2022 WL 1322642, at *6 (W.D. Mo. 2022); *In re Mun. Stormwater Pond*, 429 F. Supp. 3d 647, 658 (D. Minn. 2019) (collecting cases). A "court can deny a request for jurisdictional discovery when a plaintiff has offered only conclusory allegations." *Foscato*, 2022 WL 1322642, at *6.

Here, MPT has offered nothing more than conclusory allegations in support of its request for jurisdictional discovery, and the request should therefore be denied.

Respectfully submitted this 12th day of May, 2023.

/s/ *Richard M. Elias*

ELIAS LLC
Richard M. Elias (pro hac vice)
231 S. Bemiston, Suite 800
St. Louis, MO 63105
314-391-6824
relias@eliasllc.com
tfriedman@eliasllc.com

/s/ *J. Ken Thompson*
J. KEN THOMPSON (ASB-1422-P67J)
Attorney for Defendant, Viceroy Research, LLC

J. Ken Thompson
Attorney at Law
P.O. Box 43116
Birmingham, Alabama 35243
205-601-5624
kent@jkenthompsonlaw.com

4

## **CERTIFICATE OF SERVICE**

      I hereby certify that I electronically filed I hereby certify that I electronically filed a true and correct copy of the foregoing, using the Court's CM/ECF system, which will automatically send email notification of said filing to all counsel of record.

                                        */s/ Richard M. Elias*
                                        Richard M. Elias