UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC., <br><br> Plaintiff, <br><br> -v.- <br><br> VICEROY RESEARCH LLC; FRASER JOHN PERRING; GABRIEL BERNARDE; and AIDAN LAU, <br><br> Defendants. | Civil Action No. 2:23-cv-00408-RDP |

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT FRASER JOHN PERRING'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6) AND 12(B)(2)**

Plaintiff Medical Properties Trust, Inc. ("MPT") respectfully submits this brief in opposition to Defendant Fraser John Perring's motion to dismiss under Rules 12(b)(6) and 12(b)(2).  (Doc. 45).

**Perring's Rule 12(b)(6) Motion Should Be Denied**

Perring rests his 12(b)(6) motion entirely on the arguments in Defendant Viceroy Research LLC's previously filed motion.  (*See id.*, p. 1).  But Perring does not even attempt to explain why Viceroy's arguments for dismissal apply equally to him and justify his dismissal from this case.  To provide but one example, Perring does not explain how Viceroy's website disclaimers—which purportedly cloak the defamatory statements in Viceroy's reports as opinion—apply to posts Perring made on his Twitter account, many of which are discussed in MPT's Complaint.  (*See, e.g.*, Doc. 1, ¶¶ 42, 66, 71-73, 89-90).  Indeed, Perring's motion does not address the substance of

any of the defamatory Twitter posts attributed to him in the Complaint. His motion should be denied on that basis.

In any event, MPT incorporates by reference its memorandum of law in opposition to Viceroy's 12(b)(6) motion. (Doc. 33). For the same reasons explained in MPT's prior opposition brief, Perring's Rule 12(b)(6) motion to dismiss should be denied. *See id*. MPT's Complaint more than adequately pled "a short and plain statement of the claim showing that the pleader is entitled to relief." *Threadford* v. *Horizon Tr. & Inv. Mgmt., N.A.*, 2021 WL 5105330, at *1 (N.D. Ala. Oct. 29, 2021) (quoting Fed. R. Civ. P. 8(a)(2)).

### Perring's Rule 12(b)(2) Motion Should Be Denied

Perring similarly relies on Viceroy's previously filed briefing in support of his 12(b)(2) motion. (*See* Doc. 45, p. 2). MPT likewise incorporates by reference its memorandum of law in opposition to Viceroy's 12(b)(2) motion (Doc. 34), and its supplemental letter brief regarding personal jurisdiction, submitted to the Court on June 2, 2023. Perring's arguments fail for the same reasons explained in MPT's prior opposition brief and supplemental letter. *See id*.

Perring's identity as a United Kingdom citizen does not change this analysis. (Doc. 45, p. 2; Doc. 45-1, ¶ 1). This Court has not hesitated to exercise personal jurisdiction over foreign defendants whose "alleged conduct was '(1) intentional; (2) aimed at the forum state; and (3) caused harm that the defendant should have anticipated would be suffered in the forum state.'" *Drummond Co.* v. *Collingsworth*, 2016 WL 9986575, at *4-6 (N.D. Ala. Aug. 12, 2016) (quoting *Licciardello* v. *Lovelady*, 544 F.3d 1280, 1286 (11th Cir. 2008)) (outlining the general standard for nonresident defendants from *Calder* and applying it to a defendant located in Colombia). Through copious defamatory falsehoods, Perring intentionally targeted an Alabama corporation, its Alabama executives, and those executives' conduct in Alabama with a for-profit defamation

campaign designed to cause harm in Alabama. Thus, Perring is properly held accountable in Alabama.

The Court's exercise of jurisdiction over Perring would also "comport[] with traditional notions of fair play and substantial justice." *Id.* at *6. As this Court has noted, "the conveniences of modern communication and transportation" significantly reduce the burden on defendants of "litigat[ing] in a forum relatively distant from [their] home." *Id.* at *7 (quoting *Chevron Corp.* v. *Donziger*, 974 F. Supp. 2d 362, 628 (S.D.N.Y. 2014)). That is particularly apparent here, given that Perring has previously litigated—as plaintiff and defendant—in Florida, a state to which he is just as foreign. *See Perring* v. *MiMedx Grp., Inc.*, No. CACE-19-012805 (Fla. Cir. Ct. 2019); *MiMedx Grp., Inc.* v. *Perring*, 2018 WL 8582446 (M.D. Fla. June 4, 2018). Further, "Alabama has an interest in safeguarding the reputation of its citizens and companies." *Henderson* v. *Com. Dispatch Publ'g Corp.*, 2022 WL 202625, at *2 (N.D. Ala. Jan. 21, 2022). MPT is one of Alabama's largest publicly traded companies, and MPT's CEO (and most of its executives), whom Perring has repeatedly maligned, are also based in Alabama. (Doc. 1, ¶¶ 1, 28, 81, 89).

Additionally, Perring's claim that he "did not make any phone calls, send any letters, or send any emails or other electronic communications to anyone in Alabama related to Viceroy's investigation of MPT or Viceroy's publications about MPT" is disingenuous. (Doc. 45, p. 2; Doc. 45-1, ¶ 6). On February 2, 2023, Viceroy sent a letter to MPT's auditor, PricewaterhouseCoopers LLP ("PwC"), in which Viceroy summarized its purportedly "lengthy investigation into Medical Properties Trust," pointed PwC to its defamatory January 26, 2023 report, remarked that "MPT's audit deserves great scrutiny," and offered to "field questions or provide documentation which may assist in [PwC's] audit." (*See* Doc. 1-3). As Viceroy admitted in its motion to dismiss, it "emailed th[at] letter to an employee of [PwC], whose office" was "in

Alabama." (Doc. 16, p. 5). Perring cannot escape responsibility for the PwC letter merely because it was signed in Viceroy's name. *See Calder* v. *Jones*, 465 U.S. 783, 789-90 (1984) (jurisdiction in California was proper over writer and editor of defamatory article who were "primary participants in an alleged wrongdoing intentionally directed at a California resident" because "their status as employees [did not] insulate them from jurisdiction").

The well-pleaded facts in MPT's Complaint establish the propriety of personal jurisdiction and defeat Perring's Rule 12(b)(2) motion to dismiss. In the alternative, if the Court determines that it cannot resolve the jurisdictional dispute on the present record, it should allow MPT to conduct limited jurisdictional discovery, as requested in MPT's Alternative Motion for Jurisdictional Discovery filed on May 5, 2023. (*See* Doc. 34, p. 17; Doc. 35).

Dated: June 5, 2023

LIGHTFOOT, FRANKLIN & WHITE LLC

OF COUNSEL:
William Savitt
Sarah K. Eddy
Nathaniel Cullerton
Adabelle U. Ekechukwu
Sijin Choi
Charles M. Melman
Kelsey A. Borenzweig
WACHTELL, LIPTON,
ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Tel.: (212) 403-1000

Corey Worcester
Jomaire A. Crawford
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
Tel.: (212) 849-7000

Anthony Bongiorno (*pro hac vice* to be filed)
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA  02199
Tel.: (617) 712-7100

*/s/ Michael L. Bell*
Michael L. Bell
Wesley B. Gilchrist
Meghan S. Cole
The Clark Building
400 20th Street North
Birmingham, AL  35203
Tel.: (205) 581-0700

*Attorneys for Plaintiff*

## **Certification Pursuant to Section C of the Initial Order**

Counsel hereby certifies that he has affirmatively and diligently sought to submit to the Court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the motion, that careful consideration has been given to the contents of this submission to ensure that it does not include vague language or an overly broad citation of evidence or misstatements of the law, and that this submission is non-frivolous in nature.

*/s/ Michael L. Bell*
Of Counsel

-7-

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 5, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.

                                  */s/ Michael L. Bell*
                                  Of Counsel