FILED
2023 Jul-20 PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MEDICAL PROPERTIES TRUST, INC.,

Plaintiff,

-v.-

VICEROY RESEARCH LLC; FRASER JOHN PERRING; GABRIEL BERNARDE; and AIDAN LAU,

Defendants.

Civil Action No. 2:23-cv-00408-RDP

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS GABRIEL BERNARDE AND AIDAN LAU'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2) AND 12(B)(6)**

Plaintiff Medical Properties Trust, Inc. ("MPT") respectfully submits this brief in opposition to Defendants Gabriel Bernarde and Aidan Lau's ("Moving Defendants") motion to dismiss under Rules 12(b)(2) and 12(b)(6) ("Motion") (Doc. 60).

In their Motion, Moving Defendants advance the same arguments that this Court recently rejected as to Defendants Viceroy Research LLC ("Viceroy") and Fraser John Perring ("Perring"). (Doc. 56). Moving Defendants do not claim that they are differently situated than Viceroy or Perring, and offer no facts to distinguish their circumstances from those of their co-Defendants. The Court's prior ruling thus applies with equal force to the Moving Defendants, compelling dismissal of their copycat Motion for all of the reasons already explained by the Court and discussed in MPT's prior briefing.[1]

[1] MPT incorporates by reference its memoranda of law in opposition to Viceroy's Rule 12(b)(6) motion (Doc. 33), Viceroy's Rule 12(b)(2) motion (Doc. 34), Perring's Rule 12(b)(6) and 12(b)(2) motion (Doc. 47), and MPT's supplemental letter brief regarding personal jurisdiction, which was submitted to the Court on June 2, 2023.

Moving Defendants concede the point by dedicating the entirety of their Motion to an improper request that the Court "reconsider its ruling[s]" as to Defendants Viceroy and Perring. (Doc. 60, pp. 2, 5). This backdoor motion for reconsideration is procedurally improper and meritless, and should be denied.

"Motions to reconsider 'cannot be brought solely to relitigate issues already raised.'" *In re Blue Cross Blue Shield Antitrust Litig.*, 2017 WL 11681955, at *1 (N.D. Ala. Sept. 22, 2017) (quoting *Harris* v. *Corr. Corp. of Am.*, 433 F. App'x 824, 825 (11th Cir. 2011)). An "adverse ruling" does not give litigants the right "to criticize the judge's reasoning, to relitigate issues that have already been decided . . . and otherwise to attempt a 'do-over' to erase a disappointing outcome." *Id.* (quoting *Garrett* v. *Stanton*, 2010 WL 320492, at *2 (S.D. Ala. Jan. 18, 2010)). Instead, "reconsideration of an order is an extraordinary remedy," and "[t]he only grounds for granting" a properly-noticed motion to reconsider "are newly-discovered evidence or manifest errors of law or fact," neither of which exists here. *BMTP, LLC* v. *RBH, Inc.*, 2020 WL 6868839, at *1 (N.D. Ala. Apr. 22, 2020) (citations omitted). Tellingly, Moving Defendants do not even try to satisfy these demanding standards, merely advancing the same arguments and factual contentions that the Court has already considered and rejected.

For example, the declarations submitted by Moving Defendants (Docs. 60–1, 60–2) are substantively identical to Defendant Perring's (Doc. 45–1), and neither contends that they are differently situated than Perring such that their Motion should be treated any differently. If anything, the declarations underscore an apparent lack of diligence (or candor) on the part of Moving Defendants. Like Perring before him, Bernarde affirms that he did not "send any letters, or send any emails or other electronic communications to anyone in Alabama related to Viceroy's investigation" of MPT. (Doc. 60–1, ¶ 6). Yet Bernarde has publicly admitted to personally

sending Viceroy's February 2, 2023 letter to MPT's Alabama-based audit partner. Replying to a Twitter thread pointing out typos in the letter, Bernarde tweeted: "Yeah my bad. Sick as a dog today. Rest of team busy. Noticed as soon as ***i sent it out***." @Gabe_Bernarde, TWITTER (Feb. 2, 2023, 2:57 PM), https://twitter.com/Gabe_Bernarde/status/1621236447364747266 (emphasis added).

Moving Defendants' briefing advances nothing new, either. The 12(b)(2) section consists largely of paragraphs copied verbatim from Viceroy and Perring's June 4, 2023 12(b)(2) letter brief that again argue that *Southwestern Athletic Conference* v. *Urban Edge Network, LLC*, 2022 WL 17721584 (N.D. Ala. Dec. 15, 2022) ("*SWAC*") should control. (*Compare* Doc. 60, pp. 2–4 *with* Defendant's 12(b)(2) Letter, pp. 1–4). Moving Defendants also again argue that MPT has failed to plausibly allege a conspiracy. (*Compare* Doc. 60, p. 5 *with* Doc. 16, p. 6 *and* Doc. 40, pp. 2–3).

MPT addressed both arguments in prior briefing. (*See* Doc. 34, pp. 15–16; Plaintiff's 12(b)(2) Letter, pp. 4 n.3, 5–6). *SWAC* is inapposite because defendants there did not intentionally target an Alabama resident; rather, they communicated once with an unnamed out-of-state third party and with out-of-state members of the plaintiff organization, and the plaintiff never "explained why" those *de minimis* contacts "constitute[d] tortious conduct directly aimed at Alabama." *SWAC*, 2022 WL 17721584, at *1, *5; *see* Plaintiff's 12(b)(2) Letter, p. 5. Here, by contrast, and as the Court has already held, Defendants "made MPT's presence in Alabama a focal point of their attacks." (Doc. 56, p. 17). Thus, "because Plaintiff has alleged that Defendants committed an intentional tort that was aimed at Alabama and that Defendants should have anticipated the harm being felt in Alabama, Plaintiff has established purposeful availment under the effects test." *Id.*

The Court's prior ruling controls on the question of conspiracy, too: "Plaintiff has plainly alleged a civil conspiracy claim under Alabama law" and "has alleged the overt acts within Alabama in furtherance of the conspiracy." *Id.* at 19. Accordingly, "Plaintiff has also established personal jurisdiction over Defendants"—including Moving Defendants—"under the conspiracy theory." *Id.*; *see also In re Blue Cross Blue Shield Antitrust Litig.*, 225 F. Supp. 3d 1269, 1302 (N.D. Ala. 2016).

Moving Defendants likewise repeat the arguments previously advanced by Defendants Viceroy and Perring in support of their 12(b)(6) Motion. These include the already-rejected claim that the defamatory statements at issue were nonactionable opinions (*compare* Doc. 60, pp. 5–7 *with* Doc. 17, pp. 9–13), and that the actual malice standard should apply (c*ompare* Doc. 60, pp. 7–9 *with* Doc. 39, pp. 1–8). Merely repeating these same arguments does not amount to "newly-discovered evidence or manifest errors of law or fact" that would justify the "extraordinary" remedy of reconsideration. *See BMTP*, 2020 WL 6868839, at *1 (citations omitted). And for all of the reasons explained in MPT's prior briefing, and in the Court's prior ruling, these arguments are no more persuasive the second time around. (*See* Doc. 33, pp. 6–15, 19–25; Doc. 47, pp. 1–2; Doc. 56, pp. 19–27).[2]

*    *    *    *    *

[2] When not rehashing their prior arguments, Moving Defendants mischaracterize the Court's prior ruling, accusing it of failing to "consider the totality of the circumstances" in which the alleged defamatory statements were made. (Doc. 60, p. 7). As the prior ruling makes clear, however, the Court correctly engaged in a "fact-specific inquiry" to determine if challenged statements were "*contextually* 'capable of being proved true or false.'" (Doc. 56, p. 21 n.2 (quoting *Farmland Partners Inc.* v. *Rota Fortunae*, 2020 WL 12574993, at *16 (D. Colo. May 15, 2020))). Moving Defendants also mischaracterize MPT's prior arguments, claiming that "MPT does not allege or argue that the supporting evidence cited [by Viceroy] is fabricated or inaccurate." (Doc. 60, p. 6). But MPT made clear in its prior briefing that Defendants' use and citation of "supporting evidence" was misleading. (*See* Doc. 33, p. 14 ("Viceroy's 'annexures' and other supposed support are not just incorrect but rife with the same factual misstatements identified in the Complaint as defamatory. . . . The Complaint details the many ways in which Viceroy's citations are incorrect or incomplete.")).

Moving Defendants' motion to dismiss and for reconsideration should be denied.

Dated: July 20, 2023

LIGHTFOOT, FRANKLIN & WHITE LLC

/s/ *Michael L. Bell*
Michael L. Bell
Wesley B. Gilchrist
Rebecca Hall
Meghan S. Cole
The Clark Building
400 20th Street North
Birmingham, AL 35203
Tel.: (205) 581-0700

*Attorneys for Plaintiff*

OF COUNSEL:

William Savitt
Sarah K. Eddy
Nathaniel Cullerton
Adabelle U. Ekechukwu
Sijin Choi
Charles M. Melman
WACHTELL, LIPTON,
ROSEN & KATZ
51 West 52nd Street
New York, NY 10019
Tel.: (212) 403-1000

Corey Worcester
Jomaire A. Crawford
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Tel.: (212) 849-7000

**Certification Pursuant to Section C of the Initial Order**

Counsel hereby certifies that he has affirmatively and diligently sought to submit to the Court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the Motion, that careful consideration has been given to the contents of this submission to ensure that it does not include vague language or an overly broad citation of evidence or misstatements of the law, and that this submission is non-frivolous in nature.

/s/ *Michael L. Bell*
Of Counsel

**CERTIFICATE OF SERVICE**

I hereby certify that on July 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.

/s/ *Michael L. Bell*
Of Counsel