IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC.,<br><br>Plaintiff,<br><br>v.<br><br>VICEROY RESEARCH LLC, *et al.,*<br><br>Defendants. | Case No. 2:23-cv-00408-RDP<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS BERNARDE'S AND LAU'S ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Gabriel Bernarde's and Aidan Lau's hereby submit their answer and affirmative defenses.

**ANSWER**

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

6. Defendants admit that Viceroy published reports about MPT, which reports speak for themselves. All other allegations in paragraph 6 are denied.

7. Denied.

8. Denied.

9. Denied.

10. Defendants are without sufficient information or facts to a belief as to the truth of the allegations in paragraph 10.

11. Defendants admit Viceroy is a limited liability company organized under the laws of Delaware and its members are Perring, Bernarde, and Lau. All other allegations in paragraph 11 are denied.

12. Admitted.

13. Defendants are without sufficient information or facts to form a belief as to the truth of the allegations in paragraph 13.

14. Defendants are without sufficient information or facts to form a belief as to the truth of the allegations in paragraph 14.

15. Denied.

16. Denied.

17. Denied.

18. Defendants are without sufficient information or facts to form a belief as to the truth of the allegations in paragraph 18.

19. Admitted.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Defendants are without sufficient information or facts to form a belief as to the truth of the allegations in paragraph 27.

28. . Defendants are without sufficient information or facts to form a belief as to the truth of the allegations in paragraph 28.

29. Defendants are without sufficient information or facts to form a belief as to the truth of the allegations in paragraph 29.

30. Defendants deny Plaintiff's characterization of short selling. All other allegations in paragraph 30 are denied.

31. To the extent that the allegations in paragraph 31 are directed to Defendants, they are denied.

32. Defendants deny Plaintiff's characterization of short selling in paragraph 32. All other allegations are denied.

33. Denied.

34. Denied.

35. Denied.

36. Viceroy's business is to publish truthful opinions about certain entities, including publicly traded companies, based on publicly available facts and data that it cites in its reports. All other allegations in paragraph 36 are denied.

37. Defendants admit that Viceroy published articles about Capitec. All other allegations in paragraph 37 are denied.

38. Defendants admit that South African regulators conducted an investigation. All other allegations in paragraph 38 are denied.

39. Denied.

40. Viceroy admits that the South African regulator lacked jurisdiction over Viceroy. All other allegations in paragraph 40 are denied.

41. Defendants admit that Viceroy published the report, the content of which speaks for itself. All other allegations in paragraph 41 are denied.

42. Denied.

43. Viceroy's reports speak for themselves. Plaintiff's characterization of them is denied. All other allegations in paragraph 43 are denied.

44. Denied.

45. Denied.

46. Denied.

47. Denied.

48. The referenced tweet speaks for itself, and Defendants deny Plaintiff's characterization of that tweet. All other allegations in paragraph 48 are denied.

49. The referenced letter speaks for itself, and Defendants deny Plaintiff's characterization of that letter. All other allegations in paragraph 49 are denied.

50. Denied.

51. Denied.

52. Denied.

53. Denied.

54. Denied.

55. The referenced letter and tweet speak for themselves, and Defendants deny Plaintiff's characterizations of the same. All other allegations in paragraph 55 are denied.

56. Denied.

57. Denied.

58. Defendants admit that Plaintiff has extensive dealings with Steward. Plaintiff's characterization of those dealings is denied. All other allegations in paragraph 58 are denied.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied.

64. Denied.

65. The referenced publications speak for themselves, and Defendants deny Plaintiff's characterization of those publications. All other allegations in paragraph 65 are denied.

66. The referenced publications speak for themselves, and Defendants deny Plaintiff's characterization of those publications. All other allegations in paragraph 66 are denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. The referenced publications speak for themselves, and Defendants deny Plaintiff's characterization of those publications. All other allegations in paragraph 71 are denied.

72. The referenced publications speak for themselves, and Defendants deny Plaintiff's characterization of those publications. All other allegations in paragraph 72 are denied.

73. Denied.

74. The referenced disclaimers speak for themselves, and Defendants deny Plaintiff's characterization of those disclaimers. All other allegations in paragraph 74 are denied.

75. Denied.

76. Denied.

77. Denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. The above paragraphs are repeated and incorporated by reference.

92. Denied.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Denied.

100. The above paragraphs are repeated and incorporated by reference.

101. Denied.

102. Denied.

103. Denied.

104. The above paragraphs are repeated and incorporated by reference.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. The above paragraphs are repeated and incorporated by reference.

110. Denied.

111. Denied.

112. Denied.

113. Denied.

114. Denied.

115. The above paragraphs are repeated and incorporated by reference.

116. Denied.

117. Denied.

118. Denied.

119. Denied.

120. Denied.

## AFFIRMATIVE DEFENSES

1. The alleged defamatory statements are true.

2. The alleged defamatory statements are constitutionally protected statements of opinion.

3. Plaintiff cannot establish that Defendants acted with actual malice.

4. The alleged defamatory statements are privileged as they concern a publicly traded corporation and matters of public concern, including the accuracy of publicly reported financial statements that concern thousands of existing and potential shareholders around the world.

5. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

6. Plaintiff's claims are barred in whole or in part for failing to mitigate damages.

7. Plaintiff's claims are barred in whole or in part under the doctrines of waiver and/or estoppel.

8. Plaintiff's claims are barred in whole or in part based on the doctrines of comparative fault and contributory negligence.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial for all issues so triable.

WHEREFORE, Defendants pray that the Court enter judgement against Plaintiff and in favor of Defendants, dismissing Plaintiff's Complaint with prejudice, awarding Defendants their reasonable costs and attorneys' fees, and for such other relief as the Court deems appropriate.

Respectfully submitted this 11th Day of September, 2023.

/s/ Richard M. Elias:

ELIAS LLC
Richard M. Elias (pro hac vice)
231 S. Bemiston, Suite 800
St. Louis, MO 63105
314-391-6824
relias@eliasllc.com
tfriedman@eliasllc.com

/s/ J. Ken Thompson
J. KEN THOMPSON (ASB-1422-P67J)
Attorney for Defendant, Viceroy Research, LLC

J. Ken Thompson
Attorney at Law
P.O. Box 43116
Birmingham, Alabama 35243
205-601-5624
kent@jkenthompsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed a true and correct copy of the foregoing, using the Court's CM/ECF system, which will automatically send email notification to all counsel of record.

/s/ Richard M. Elias
Richard M. Elias