# Exhibit 1

MPT's Responses to Defendants'
First  Requests for Production of
Documents

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC., | |
| Plaintiff, | |
| v. | Civil Action No. 2:23-CV-00408-RDP |
| VICEROY RESEARCH LLC; FRASER JOHN PERRING; GABRIEL BERNARDE; and AIDAN LAU, | |
| Defendants. | |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Medical Properties Trust, Inc. ("MPT"), by and through its undersigned counsel, hereby responds and objects to Defendants Viceroy Research LLC, Fraser John Perring, Gabriel Bernarde and Aidan Lau's (collectively, "Defendants") First Requests for Production of Documents (the "Requests").

The Responses reflect the current status of MPT's knowledge, understanding, and belief respecting the Requests. MPT reserves the right to modify, supplement, amend, or clarify its responses herein with whatever pertinent information, facts, or documents subsequently may be discovered. Moreover, should MPT at any time supplement or amend its responses to these Requests, by agreement or otherwise, it expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplementation or amendment. MPT further reserves the right to produce additional information or other evidence at any time, including at trial, and to object on any grounds to the introduction into evidence of any portion of these Responses. MPT further reserves all rights to modify, supplement, or amend the Responses based on any ruling by the Court with respect to any motions.

Information contained in any Response or the production of any given document pursuant to these Requests is not an admission or acknowledgement by MPT that such information or document is relevant to any claim or defense in this action; is without prejudice to MPT's right to contend at trial or in any other or subsequent proceeding, in this action or otherwise, that such document is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to or waiver of any objection to any future use of such information or document that MPT may make.  Any responsive proprietary or other commercially protected information or documents will be subject to the terms of a protective order to be agreed upon by the parties and entered by the Court.

## GENERAL OBJECTIONS

MPT makes the following General Objections to the Requests and incorporates them, as well as the Objections to Definitions and Instructions below, into its responses to each and every Request, whether or not specifically stated in the individual response.  An assertion of the same, similar, or additional objections in response to a specific Request does not waive any of these General Objections as to that or any other Request.  By submitting these objections and responses, MPT does not in any way adopt Defendants' purported definition of words and phrases contained in Defendants' Requests.  To the extent Defendants have ascribed special meaning or definitions to words used in the Requests, MPT objects to those definitions to the extent that they are inconsistent with either (a) the definitions set forth in MPT's responses or (b) the ordinary and customary meanings of such words and phrases.  Likewise, MPT objects to Defendants' purported definitions to the extent that they purport to impose upon MPT any obligation broader than, or inconsistent with, applicable discovery rules or common law. Capitalized terms used by MPT in these Responses and Objections but not defined herein will

have the meanings given in MPT's First Requests for Production to Defendant Viceroy Research LLC.

1.     MPT objects to the Requests, including without limitation any portion of the definitions and instructions, to the extent they seek information beyond the scope of discovery as provided by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Alabama, any order or ruling in this matter, or any agreements reached between the parties to this action (the "Applicable Rules").

2.     MPT objects to the Requests to the extent they seek information that is neither relevant to the subject matter of this action nor proportional to the needs of the case.

3.     MPT objects to the Requests to the extent they require MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive.  MPT will provide information only to the extent that such information is in the possession, custody, or control of MPT and not publicly available or otherwise already in the possession of Defendants.

4.     MPT objects to the Requests to the extent that they purport to impose an obligation on MPT to produce documents that are not in its possession, custody, or control.  To the extent MPT agrees to produce documents in response to a Request, MPT will produce only documents within its possession, custody, or control.

5.     MPT objects to the Requests to the extent they call for information requiring scientific, technical, or other specialized knowledge such that it is appropriately the subject of expert testimony, and/or to the extent they ask for or may be read to encompass work performed by or information received from experts retained by MPT to prosecute or defend this litigation or

other litigation.  MPT will make appropriate disclosures regarding expert witnesses in accordance with applicable rules and orders.

6.      MPT objects to the Requests to the extent that they seek production of "all" documents or communications within a category on the grounds that (a) it is impractical and unduly burdensome to attempt to collect, review, and produce "all" documents, without limitation as to time periods, custodians, or information pertinent to the claims and defenses in this action, and (b) MPT cannot ensure that it has located every document or communication responsive to a particular Request.  MPT will produce responsive, non-privileged documents, if any, collected and identified pursuant to reasonable discovery parameters that MPT will utilize for the collection and review of documents (the "Discovery Parameters").  Unless otherwise noted below or unless a Request calls for a shorter time period, MPT will produce documents and communications for the period March 1, 2021 to March 30, 2023 (the "Discovery Period").

7.      MPT objects to the Requests to the extent that they call for the disclosure of information that is privileged or otherwise protected from discovery on any ground, including but not limited to attorney-client privilege, work-product immunity, business strategy immunity, and any other recognized privileges, immunities, protections, or exceptions (collectively, "Privileged Information").  Any Response herein to the effect that MPT will produce "non-privileged Documents or Communications" (or similar phrasing) means that MPT will produce the specified documents to the extent they do not contain Privileged Information.  MPT does not intend to produce Privileged Information, and any disclosure of documents or information containing Privileged Information shall not be deemed, nor is it intended, to constitute a waiver of the attorney-client privilege, work-product immunity, business strategy immunity, or any other applicable privilege, immunity, protection, or exception.  Any such disclosed Privileged

Information will be subject to clawback by MPT as provided in the protective order that will be entered by the Court.

8.      MPT objects to the Requests to the extent they seek information that constitutes confidential, proprietary, private, or financial information, or trade secrets protected from disclosure.  MPT will produce such information, if any, only pursuant to the terms of the protective order that will be entered by the Court.

9.      MPT objects to the Requests insofar as they incorporate purported facts.  Nothing in these Responses and Objections shall be deemed, nor is it intended, to mean that MPT adopts, acquiesces in, or otherwise accepts the way in which the Requests describe or characterize the facts, circumstances, subject matter, or events discussed.  While MPT may use certain of the Requests' defined terms in its responses, such usage is solely for convenience and does not constitute an endorsement of or agreement to any purported facts stated or implied by the Requests' defined terms.

10.      MPT objects to the Requests insofar as they require MPT to form a legal conclusion to provide a response.

11.      MPT objects to the Requests to the extent that they relate solely to statements or other conduct not pleaded in MPT's Complaint.

12.      Any statement by MPT that it will produce documents in response to a Request is not to be construed as an admission that any document exists within any requested category or categories and is in the possession, custody, or control of MPT, but solely as a statement that MPT will produce (subject to and consistent with the General Objections, the Objections to Definitions and Instructions, and the Specific Objections set forth herein) non-privileged,

responsive documents within its possession, custody, or control, should such documents exist, that MPT identifies based on a reasonable search pursuant to the Discovery Parameters.

13.     The responses set forth below are based upon information presently known to MPT, which reserves the right at any time to supplement, amend, revise, correct, and/or clarify these Responses and Objections.  Moreover, should MPT at any time supplement or amend its responses to these Requests, by agreement or otherwise, it expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplement or amendment.

14.     Nothing in these Responses and Objections is intended as a waiver or limitation of MPT's right to object, on any grounds and in any proceeding, to the use of any information or documents produced in response to or referred to in these Responses and Objections.

15.     MPT is willing to meet and confer about any of its General Objections, Objections to Definitions and Instructions, or Specific Objections to any Request.

## OBJECTIONS TO DEFINITIONS

Included within each of the Responses to Specific Requests are the following Objections to Definitions, whether or not specifically stated in the individual response.  An assertion of the same, similar, or additional objections in response to a specific Request does not waive any of these Objections to Definitions as to that or any other Request.

1.     MPT objects to each and every "definition" in the Requests to the extent they define terms in a manner that is broader than the uniform definitions and rules of construction set forth in the Federal Rules and any applicable Local Rule, including without limitation Federal Rules 26 and 34.

2.     MPT objects to Defendants' definition of "affiliate" to the extent it seeks to include "any company in which the named entity has, directly or indirectly, an ownership interest

6

equal to or greater than 10 percent," on the ground that such construction is overbroad.  For purposes of responding to these Requests, and consistent with, *inter alia*, Ala. Code § 10A-1-1.03(1), MPT will construe "affiliate" to mean a person or entity who controls, is controlled by, or is under common control with another person.

3.      MPT objects to Defendants' definition of "communication" on the grounds that it is overbroad, vague, and unduly burdensome to the extent it encompasses "the transmittal of information . . . by any means of transmission . . . regardless of whether the transmittal was initiated or received by an individual or a system," and includes "face-to-face-conversations," which are not capable of being produced.  For purposes of responding to these Requests, MPT will limit the scope of "communication" to accessible files that are capable of being produced.

4.      MPT objects to Defendants' definition of "MPT," "you," and "your" as overly broad, unduly burdensome, not proportional to the needs of the case, vague and ambiguous, including to the extent it purports to require MPT to search for or produce information that is not in its possession, custody, or control.  In responding to these Requests,  MPT will construe the terms "MPT," "you," and "your" to mean Medical Properties Trust, Inc.

5.      MPT objects to Defendants' definition of "Prospect" as overly broad, unduly burdensome, not proportional to the needs of the case, vague and ambiguous.  In responding to these Requests,  MPT will construe the term "Prospect" to mean Prospect Medical Holdings, Inc.

6.      MPT objects to Defendants' definition of "Steward" as overly broad, unduly burdensome, not proportional to the needs of the case, vague and ambiguous.  In responding to these Requests,  MPT will construe the term "Steward" to mean Steward Health Care System LLC.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1.**    All documents you identified or should have identified in your Rule 26(a)(1) disclosures.

**RESPONSE TO REQUEST NO. 1:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request on the grounds that it is vague, overly broad, and unduly burdensome in calling for "[a]ll documents" that MPT "should have identified" in its Rule 26(a)(1) disclosures.  MPT further objects to the Request on the grounds that it is unduly burdensome and not proportional to the needs of the case to the extent it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce non-privileged documents in MPT's possession, custody, or control that at the time of such production it believes it is obligated to produce pursuant to Rule 26(a)(1).

**REQUEST NO. 2.**    All communications and other documents related to Viceroy, Perring, Lau, or Bernarde, including any communications related to the reports attached to your Complaint or any other alleged defamatory statements in your complaint.

**RESPONSE TO REQUEST NO. 2:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including to the extent it seeks

"[a]ll communications and other documents related to Viceroy, Perring, Lau, or Bernarde,"
without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in
response to this Request, MPT will produce responsive, non-privileged documents or
communications in its possession, custody, or control concerning Defendants' reports and the
defamatory statements alleged in the Complaint, to the extent identified through a reasonable
search using the Discovery Parameters.

**REQUEST NO. 3.**    All communications related to reports or statements issued by
anyone predicting the decline of MPT's stock, including reports or statements by Matthew
Pascale, Edwin Dorsey, Hedgeye, Robert Simone, Marc Cohodes, Oasis, Richard Mortell,
Florence99, or Eminence Capital.

**RESPONSE TO REQUEST NO. 3:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information.  MPT further objects to this Request to the extent

that it requires MPT to search for and provide information that is publicly available, is already in

the possession of Defendants, or is equally obtainable from third parties or from some source

other than MPT by means that are more convenient, less burdensome, or less expensive.  MPT

further objects to this Request on the grounds that it is overly broad, unduly burdensome, not

proportional to the needs of the case, and seeks information that is not relevant to any party's

claims or defenses, including to the extent it seeks "[a]ll communications related to" any "reports

or statements issued by anyone predicting the decline of MPT's stock" without limitation to time

periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce responsive, non-privileged documents or

communications in its possession, custody, or control from January 1, 2023 to March 30, 2023,

to the extent identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 4.**    Any documents supporting your allegations that any statement by any of the Defendants caused you harm, including your allegations that their statements caused or contributed to a downgrade of your credit rating, drop in your stock price, loss of business opportunities, or any other alleged economic damages.

**RESPONSE TO REQUEST NO. 4:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information.  MPT further objects to this Request to the extent

that it requires MPT to search for and provide information that is publicly available, is already in

the possession of Defendants, or is equally obtainable from third parties or from some source

other than MPT by means that are more convenient, less burdensome, or less expensive.  MPT

further objects to this Request to the extent it seeks discovery from experts that is impermissible

under the Applicable Rules.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce responsive, non-privileged documents and

communications in its possession, custody, or control, to the extent identified through a

reasonable search using the Discovery Parameters.

**REQUEST NO. 5.**    From January 1, 2016 to present, all communications or other documents— including financial reports, balance sheets, profit and loss statements, and audits— related to the financial condition of MPT's tenants, borrowers, or venture partners, including Steward and any of its affiliates or Prospect and any of its affiliates, including any communications discussing concerns about the financial condition of any of those entities or their ability to pay their rents or loan payments, or meet any other financial obligations.

**RESPONSE TO REQUEST NO. 5:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information.  MPT further objects to this Request to the extent

that it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "all communications or other documents" "[f]rom January 1, 2016" to the present, without any further time limitation relevant to this litigation.  MPT further objects to this request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information not relevant to any party's claims or defenses, including "all communications and other documents . . . related to the financial condition of MPT's tenants, borrowers, or venture partners," without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce any financial reports, balance sheets, profit and loss statements, and audits in its possession, custody, or control for Steward, Priory Group, Springstone, LLC, Prospect, and NeuroPsychiatric Hospitals, LLC.

**REQUEST NO. 6.**    All current and historical financial reports or accounts of Steward and its affiliates, including: (1) running balance sheet accounts since inception; (2) profit and loss accounts since inception; (3) cash flow accounts since inception; and (4) notes to financial accounts since inception.

**RESPONSE TO REQUEST NO. 6:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not

relevant to any party's claims or defenses, calling for "[a]ll current and historical financial reports or accounts of Steward and its affiliates," including various forms of reports "since inception," without limitation to time periods and information relevant to any party's claims or defenses.  MPT further objects to this Request as vague and ambiguous, including in its use of the terms "accounts," "running balance sheet accounts," "profit and loss accounts," "cash flow accounts," and "notes to financial accounts."

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce Steward's financial statements in its possession, custody, or control.

**REQUEST NO. 7.**    All current and historical financial reports or accounts of Prospect and its affiliates, including: (1) running balance sheet accounts since inception; (2) profit and loss accounts since inception; (3) cash flow accounts since inception; and (4) notes to financial accounts since inception.

**RESPONSE TO REQUEST NO. 7:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, calling for "[a]ll current and historical financial reports or accounts of Prospect and its affiliates," including various forms of reports "since inception," without limitation to time periods and information relevant to any party's claims or defenses.  MPT further objects to this Request as vague and ambiguous, including in its use of the terms "accounts," "running balance sheet accounts," "profit and loss accounts," "cash flow accounts," and "notes to financial accounts."

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce Prospect's financial statements in its possession, custody, or control.

**REQUEST NO. 8.**   All current and historical financial reports or accounts of MPT's taxable REIT subsidiaries, including: (1) running balance sheet accounts since inception; (2) profit and loss accounts since inception; (3) cash flow accounts since inception; and (4) notes to financial accounts since inception.

**RESPONSE TO REQUEST NO. 8:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, calling for "[a]ll current and historical financial reports or accounts of MPT's taxable REIT subsidiaries," including various forms of reports "since inception," without limitation to time periods and information relevant to any party's claims or defenses.  MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive. MPT further objects to this Request as vague and ambiguous, including in its use of the terms "accounts," "running balance sheet accounts," "profit and loss accounts," "cash flow accounts," "notes to financial accounts," and "taxable REIT subsidiaries."

Pursuant to the foregoing General and Specific Objections, MPT will not produce documents or communications in response to this Request at this time, except as otherwise may be produced in response to other Requests.  MPT is willing to meet and confer concerning this Request.

**REQUEST NO. 9.**    From January 1, 2016 to present, all communications or other documents related to MPT or any of its affiliates discussing, contemplating, negotiating, drafting, or entering venture agreements, loan agreements, sale agreements, or any other agreements concerning an MPT tenant, borrower, or venture partner—including Steward or any of its affiliates and Prospect or any of its affiliates—to, in whole or in part, assist those entities in making rent payments, loan payments, or meet any other financial obligation.

**RESPONSE TO REQUEST NO. 9:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information.  MPT further objects to this Request on the grounds

that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks

information that is not relevant to any party's claims or defenses, including to the extent it seeks

"all communications or other documents" "[f]rom January 1, 2016 to present," without limitation

to time periods and information relevant to any party's claims or defenses.  MPT further objects

to the term "venture partners" and the word "contemplating" as vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce responsive, non-privileged documents or

communications in its possession, custody, or control concerning any agreement with MPT to

assist Steward, Priory Group, Springstone, LLC, Prospect, or NeuroPsychiatric Hospitals, LLC

in making rent payments, loan payments, or meeting any other financial obligation, to the extent

identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 10.**   From January 1, 2016 to present, all communications and documents related to promissory notes, loans, investments, or any other payments to tenants of MPT and its affiliates, including Steward and its affiliates and Prospect and its affiliates.

**RESPONSE TO REQUEST NO. 10:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information.  MPT further objects to this Request on the grounds

that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks

information that is not relevant to any party's claims or defenses, including to the extent it seeks "all communications and documents" "[f]rom January 1, 2016 to present," without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce non-privileged documents or communications in its possession, custody, or control concerning the payments that Defendants' reports label as "round-tripping," to the extent identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 11.**   From January 1, 2016 to present, all communications with any of MPT's bondholders, including all communications with the bondholder identified in paragraph 87 of your Complaint.

**RESPONSE TO REQUEST NO. 11:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including to the extent it seeks "all communications" "[f]rom January 1, 2016 to present," without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce responsive, non-privileged communications in its possession, custody or control with MPT's bondholders between January 27, 2023 and March 30, 2023, to the extent identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 12.**   From January 1, 2016 to present, all communications, internal or otherwise, discussing any contemplated or actual communications with bondholders, including the bondholder identified in paragraph 87 of your Complaint.

**RESPONSE TO REQUEST NO. 12:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information.  MPT objects to this Request on the grounds that it

is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks

information that is not relevant to any party's claims or defenses, including to the extent it seeks

"all communications" "[f]rom January 1, 2016 to present" "discussing any contemplated or

actual communications with bondholders," without limitation to time periods and information

relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce responsive, non-privileged documents or

communications in its possession, custody, or control concerning communications with MPT's

bondholders from January 27, 2023 to March 30, 2023, to the extent identified through a

reasonable search using the Discovery Parameters.

**REQUEST NO. 13.**   From January 1, 2022 to present, all communications and other documents discussing any decline in value of MPT's stock, including any factors believed to have caused or contributed to the decline in value of MPT's stock.

**RESPONSE TO REQUEST NO. 13:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information.  MPT further objects to this Request on the grounds

that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks

information that is not relevant to any party's claims or defenses, including to the extent the

Request seeks "all communications and other documents discussing any decline in value of

MPT's stock."  MPT further objects to this Request to the extent that it requires MPT to search

for and provide information that is publicly available, is already in the possession of Defendants,

or is equally obtainable from third parties or from some source other than MPT by means that are

more convenient, less burdensome, or less expensive.  MPT further objects to this Request on the

grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and

seeks information that is not relevant to any party's claims or defenses because it seeks

communications "[f]rom January 1, 2022 to present," without limitation to information relevant

to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce responsive, non-privileged documents in its

possession, custody, or control from January 1, 2023 to March 30, 2023, to the extent identified

through a reasonable search using the Discovery Parameters.

**REQUEST NO. 14.**   From January 1, 2022 to present, any communications or other
documents related to any anticipated or actual charges or impairments to MPT's earnings.

**RESPONSE TO REQUEST NO. 14:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information.  MPT further objects to this Request on the grounds

that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks

information that is not relevant to any party's claims or defenses in seeking "any

communications or other documents related to any anticipated or actual charges or impairments

to MPT's earnings," which are irrelevant to the claims and defenses in this action.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

Documents in response to this Request at this time, except as otherwise may be produced in

response to other Requests.  MPT is willing to meet and confer regarding this Request.

17

**REQUEST NO. 15.**   From January 1, 2022 to present all communications and other documents related to any quarterly or annual losses reported by MPT, including MPT's reported quarterly loss for the second quarter of 2023.

**RESPONSE TO REQUEST NO. 15:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "all communications and other documents related to any quarterly or annual losses reported by MPT," which are irrelevant to the claims and defenses in this action.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request at this time, except as otherwise may be produced in response to other Requests.  MPT is willing to meet and confer regarding this Request.

**REQUEST NO. 16.**   From January 1, 2022 to present, all communications and other documents related to MPT's adjusting, narrowing, or otherwise changing its estimates of per share net income or per share normalized funds from operations.

**RESPONSE TO REQUEST NO. 16:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "all communications and other documents related to MPT's adjusting, narrowing, or otherwise changing its estimates of per share net income or per share normalized funds from operations."  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses

because it seeks communications "[f]rom January 1, 2022 to present," without limitation to

information relevant to any party's claims or defenses.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

Documents in response to this Request at this time, except as otherwise may be produced in

response to other Requests.  MPT is willing to meet and confer regarding this Request.

**REQUEST NO. 17.**   From January 1, 2016 to present, all communications and related
documents between MPT and any rating agency.

**RESPONSE TO REQUEST NO. 17:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the

case, and seeks information that is not relevant to any party's claims or defenses, including to the

extent it calls for "all communications . . . discussing any contemplated or actual

communications with any rating agency" from "January 1, 2016 to present," without limitations

to time periods and information relevant to any party's claims or defenses.  MPT further objects

to the term "rating agency" as vague and ambiguous.  For the purpose of responding and

objecting to this Request, MPT will interpret "rating agency" to mean a credit rating agency

registered with the U.S. Securities and Exchange Commission as a nationally recognized

statistical rating organization.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce responsive, non-privileged communications in its

possession, custody, or control between MPT and rating agencies concerning Defendants,

Defendants' reports, or any of the statements the Complaint identifies as false and defamatory, to

the extent identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 18.**   From January 1, 2016 to present, all communications, internal or otherwise, discussing any contemplated or actual communications with rating agencies.

**RESPONSE TO REQUEST NO. 18:**   MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information.  MPT further objects to this Request on the grounds

that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks

information that is not relevant to any party's claims or defenses, including to the extent it seeks

"all communications . . . discussing any contemplated or actual communications with rating

agencies" from "January 1, 2016 to present," without limitations to time periods and information

relevant to any party's claims or defenses.  MPT further objects to the term "rating agencies" as

vague and ambiguous.  For the purpose of responding and objecting to this Request, MPT will

interpret "rating agencies" to mean credit rating agencies registered with the U.S. Securities and

Exchange Commission as nationally recognized statistical rating organizations.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce responsive, non-privileged documents or

communications in its possession, custody, or control that concern communications between

MPT and rating agencies relating to Defendants, Defendants' reports, or any of the statements

the Complaint identifies as false and defamatory, to the extent identified through a reasonable

search using the Discovery Parameters.

**REQUEST NO. 19.**   From January 1, 2022 to present, all communications and other documents related to S&P Global Ratings' evaluation of MPT's operations, creditworthiness, or financial stability, including any and all communications and documents related to S&P's placing MPT on a credit watch on or about December 22, 2022, and S&P's downgrading MPT's credit rating from BB+ to BB and MPT's senior unsecured notes from BBB- to BB+ on March 10, 2023.

**RESPONSE TO REQUEST NO. 19:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information and to the extent that it seeks to require MPT to

produce documents that are not in its possession, custody, or control.  MPT further objects to this

Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs

of the case, and seeks information that is not relevant to any party's claims or defenses, including

to the extent it seeks "all communications and other documents related to S&P Global Ratings'

evaluation of MPT's operations, creditworthiness, or financial stability," without limitation to

information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce non-privileged, responsive documents or

communications in its possession, custody, or control to the extent identified through a

reasonable search using the Discovery Parameters.

**REQUEST NO. 20.**   All communications and documents related to the attempt by MPT
and its affiliates or Steward and its affiliates to have University Health System and/or Bexar
County take control over Texas Vista Medical Center, including all communications about any
proposals or negotiations, and all communications about why University Health System or Bexar
County declined to take over the medical center.

**RESPONSE TO REQUEST NO. 20:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information and to the extent that it seeks to require MPT to

produce documents that are not in its possession, custody, or control.  MPT further objects to the

undefined terms "proposals" and "negotiations" as vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce responsive, non-privileged documents or

communications in its possession, custody, or control concerning the decision by University

Health System and/or Bexar County, Texas not to consummate the transaction referenced in

paragraph 85 of MPT's Complaint, to the extent identified through a reasonable search using the

Discovery Parameters.

**REQUEST NO. 21.**   From January 1, 2022 to present, all communications and
documents related to MPT contemplating or discussing a potential or actual decrease in its per
share dividend, including the per share dividend cut MPT announced on August 21, 2023.

**RESPONSE TO REQUEST NO. 21:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information.  MPT further objects to this Request on the grounds

that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks

information that is not relevant to any party's claims or defenses, including "all communications

and documents" relating to "MPT contemplating or discussing a potential or actual decrease in

[MPT's] per share dividend."

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.  MPT is willing to meet and confer regarding this

Request.

**REQUEST NO. 22.**   From January 1, 2020 to present, all communications sending,
forwarding, or discussing any articles or reports, including articles published by the Wall Street
Journal, that made any statements about: (1) the financial condition of MPT or any of its tenants
or borrowers, including Steward and its affiliates and Prospect and its affiliates; (2) any
transactions involving MPT and its affiliates and MPT's tenants or borrowers and their affiliates;
or (3) the rise or decline in the value of MPT's stock.

**RESPONSE TO REQUEST NO. 22:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent it seeks Privileged Information.  MPT further objects to this Request on the grounds

that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, in that it seeks "all communications" related to "any articles or reports" about "transactions involving MPT and its affiliates and MPT's tenants or borrowers and their affiliates," and "the rise or decline in the value of MPT's stock," without limitation to time periods and information relevant to any party's claims or defenses.  MPT further objects to this Request to the extent it seeks information that is already public and can be as readily accessed by Defendants.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce responsive, non-privileged documents in its possession, custody, or control concerning claims published in articles in the *Wall Street Journal* or other media outlets regarding transactions involving MPT and Steward, Priory Group, Springstone, LLC, Prospect, and NeuroPsychiatric Hospitals, LLC, to the extent identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 23.**   From January 1, 2020 to present, all communications and other documents related to any inquiries, request for comment, or other communications by or with any digital, print, or other media outlet directed to MPT relating to: (1) the financial condition of MPT or its tenants or borrowers, including Steward and its affiliates and Prospect and its affiliates; (2) any transactions involving MPT and its affiliates and MPT's tenants or borrowers and their affiliates; or (3) the rise or decline in the value of MPT's stock.

**RESPONSE TO REQUEST NO. 23:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, in that it seeks "all communications and other documents" on a variety of subjects, without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce non-privileged documents in its possession, custody, or control that concern communications with media outlets regarding transactions involving MPT and Steward, Priory Group, Springstone, LLC, Prospect, and NeuroPsychiatric Hospitals, LLC, to the extent identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 24.**   From January 1, 2022 to present, all communications and other documents related to downgrades of MPT by any investment analyst, including: (1) investment analysts at Raymond James, who downgraded MPT from "strong buy" to "underperform" on or around August 11, 2023; (2) investment analysts at Bank of America, who downgraded MPT from "strong buy" to "underperform" on or around August 11, 2023; and (3) investment analysts at JP Morgan who downgraded MPT from "neutral" to "underweight" on August 21, 2023.

**RESPONSE TO REQUEST NO. 24:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "all communications and other documents related to downgrades of MPT by any investment analyst" without limitation to information relevant to the claims and defenses in this action.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce non-privileged documents and communications in its possession, custody, or control concerning reports published by investment analysts from January 1, 2023 to March 30, 2023 that downwardly revised expectations of the performance of MPT's stock price, to the extent identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 25.**   All communications and other documents related to MPT or its affiliates lending $150,000,000 to Steward or its affiliates in the second quarter of 2022.

**RESPONSE TO REQUEST NO. 25:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks to require MPT to produce documents that are not in its possession,

custody, or control.  MPT further objects to this Request on the grounds that it is overly broad,

unduly burdensome, not proportional to the needs of the case, and seeks information that is not

relevant to any party's claims or defenses, in that "MPT or its affiliates lending $150,000,000 to

Steward or its affiliates in the second quarter of 2022" is not a subject of any defamatory

statement alleged in the Complaint

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents in response to this Request at this time, except as otherwise may be produced in

response to other Requests.  MPT is willing to meet and confer regarding this Request.

**REQUEST NO. 26.**   All communications and documents related to MPT's acquisition of the Steward portfolio described in MPT's Form 10-K for the 2016 fiscal year, including all communications and documents related to the portfolio of nine acute care hospitals in Massachusetts operated by Steward, the acquisition of five of the hospitals for $600 million, the making of $600 million in mortgage loans on four of the facilities, and the $50 million minority equity contribution MPT made in Steward.

**RESPONSE TO REQUEST NO. 26:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents" without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce the non-privileged documents comprising MPT's underwriting and transactional file (the "Deal File") for the transaction with Steward described on page 48 of MPT's Fiscal Year 2016 Form 10-K.

**REQUEST NO. 27.**   All communications and documents related to the sale of 10.3 million shares of MPT's common stock to an affiliate of Cerberus, the then controlling member of Steward, and certain members of Steward management, as described in MPT's Form 10-K for the 2016 fiscal year.

**RESPONSE TO REQUEST NO. 27:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "the sale of 10.3 million shares of MPT's common stock to an affiliate of Cerberus," which is irrelevant to any party's claims or defenses.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request at this time, except as otherwise may be produced in response to other Requests.  MPT is willing to meet and confer regarding this Request.

**REQUEST NO. 28.**   All communications and documents related to your acquisition of a portfolio of 10 acute care hospitals and one behavioral health facility on September 29, 2017 and Steward's acquisition of IASIS Healthcare LLC, as described in MPT's Form 10-K for the 2017 year fiscal year, including all documents and communications related to the $700 million acquisition of eight facilities, the $700 million in mortgage loans on two acute care hospitals, and the $100 million equity contribution you made in Stewart.

**RESPONSE TO REQUEST NO. 28:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications and documents" without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce the non-privileged contents of the Deal File for the transaction involving Steward and IASIS Healthcare LLC described on page 94 of MPT's Fiscal Year 2017 Form 10-K.

**REQUEST NO. 29.**   All communications and documents related to Steward's acquisition of hospitals from IASIS Healthcare LLC in 2017 or any other year.

**RESPONSE TO REQUEST NO. 29:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications and documents" "related to Steward's acquisition of hospitals from IASIS Healthcare LLC" without limitation to time periods and information relevant to any party's claims or defenses.  MPT further objects to this Request on the grounds that the phrase "any other year" is overly broad, unduly burdensome, not

27

proportional to the needs of the case, and seeks information that is not relevant to any party's

claims or defenses, in that it contains no limitation to time periods and information relevant to

any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce the non-privileged contents of the Deal File for the

transaction involving Steward and IASIS Healthcare LLC described on page 94 of MPT's Fiscal

Year 2017 Form 10-K.

**REQUEST NO. 30.**   All communications and documents related to any appraisal or
other estimates of value conducted on the portfolio of hospitals that was part of the 2017 IASIS
Healthcare LLC portfolio that MPT acquired, including any appraisals or estimates of value as to
the Davis Hospital & Medical Center or the Jordan Valley Medical Center.

**RESPONSE TO REQUEST NO. 30:**   MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the ground that the phrase "the 2017 IASIS

Healthcare LLC portfolio that MPT acquired" is vague and ambiguous.  For purposes of

responding and objecting to this Request, MPT will interpret "the 2017 IASIS Healthcare LLC

portfolio that MPT acquired" to mean the transaction involving Steward and IASIS Healthcare

LLC described on page 94 of MPT's Fiscal Year 2017 Form 10-K.  MPT further objects to this

Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs

of the case, and seeks information that is not relevant to any party's claims or defenses, in that it

seeks "[a]ll communications and documents" without limitation to time periods and information

relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce the non-privileged contents of the Deal File for the transaction involving Steward and IASIS Healthcare LLC described on page 94 of MPT's Fiscal Year 2017 Form 10-K.

**REQUEST NO. 31.**   All communications and documents related to your acquisition of the fee simple real estate of five general acute care hospitals from Steward in exchange for the reduction of $764.4 million of mortgage loans made to Steward in October 2016 and March 2018, along with additional cash consideration, as described in MPT's Form 10-K for the 2018 fiscal year.

**RESPONSE TO REQUEST NO. 31:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications and documents" without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce the non-privileged contents of the Deal File for the transaction with Steward described in the "Other Transactions" section of page 75 of MPT's Fiscal Year 2018 Form 10-K.

**REQUEST NO. 32.**   All communications and other documents related to the promissory note from Steward which consists of three different tranches, as described in MPT's Form 10-K for the 2019 Fiscal year.

**RESPONSE TO REQUEST NO. 32:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents" without

limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce responsive, non-privileged documents or

communications in its possession, custody, or control concerning the "promissory note which

consists of three tranches" described on page 12 of MPT's Fiscal Year 2019 Form 10-K, to the

extent identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 33.**   All communications and documents related to your investment in a
portfolio of 14 acute hospitals operated by Prospect on August 23, 2019, as described in MPT's
Form 10-K for financial year 2019, including all communications and documents related to your
acquisition of the real estate of 11 facilities for $1.4 billion, and your mortgage and term loans
extended to Prospect.

**RESPONSE TO REQUEST NO. 33:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents" without

limitation to time periods and information relevant to any party's claims or defenses.

MPT further objects that the phrase "your mortgage and term loans extended to Prospect" is vague and ambiguous.  For purposes of responding and objecting to this Request, MPT will interpret the phrase "your mortgage and term loans extended to Prospect" to mean any mortgages and term loans extended to Prospect in connection with MPT's acquisition during 2019 of 14 acute care hospitals operated by Prospect, as described on page 45 of MPT's Fiscal Year 2019 Form 10-K.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce the non-privileged contents of the Deal File for MPT's acquisition during 2019 of 14 acute care hospitals operated by Prospect, as described on page 45 of MPT's Fiscal Year 2019 Form 10-K.

**REQUEST NO. 34.**   All communications and documents related your acquisition of the fee simple real estate of the Davis Hospital & Medical Center and the Jordan Valley Medical Center in exchange for the reduction of the mortgage loans made to Steward and the additional cash consideration of $200 million, as described in your Form 10-K for the 2020 fiscal year, including any and all appraisals or other estimates of value of the properties, and any and all calculations of the mortgage obligations and the amount reduced.

**RESPONSE TO REQUEST NO. 34:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications and documents" without limitation to time periods and information relevant to any party's claims or defenses.

31

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce the non-privileged contents of the Deal File for the July 8, 2020 transaction described on page 78 of MPT's 2020 Form 10-K.

**REQUEST NO. 35.**   All communications and documents related to the joint venture between MPT and Dr. Ralph de la Torre and members of his management team formed for the purposes of investing in the operations of international hospitals, in which MPT has a 49 percent interest, as described in MPT's Form 10-K for the 2020 fiscal year, including all communications and documents related to the $205 million acquisition loan, the venture's purchase of Steward's rights and assets, and the appraisal or other valuation of said rights and assets.

**RESPONSE TO REQUEST NO. 35:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications and documents" without limitation to time periods and information relevant to any party's claims or defenses.

MPT further objects that the phrases "the joint venture between MPT and Dr. Ralph de la Torre and members of his management team formed for the purposes of investing in the operations of international hospitals in which MPT has a 49 percent interest" and "the $205 million acquisition loan" are vague and ambiguous.  For the purpose of responding and objecting to this Request, MPT will interpret (1) "the joint venture between MPT and Dr. Ralph de la Torre and members of his management team formed for the purposes of investing in the operations of international hospitals in which MPT has a 49 percent interest" to mean the "joint venture for the purpose of investing in the operations of international hospitals" described on

page 14 of MPT's Form 10-Q for the quarterly period ended June 30, 2020 (the "International

JV"), and (2) "the $205 million acquisition loan" to mean the $205 million loan described in

paragraph 61 of MPT's Complaint.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce responsive, non-privileged documents or

communications in its possession, custody, or control concerning (1) the formation and

capitalization of the International JV and (2) the $205 million acquisition loan described in

paragraph 61 of MPT's Complaint, to the extent identified through a reasonable search using the

Discovery Parameters.

**REQUEST NO. 36.** All communications and documents related to any and all
acquisitions, loans, or other transactions discussed, considered, contemplated, or entered into by
the joint venture between MPT and Dr. Ralph de la Torre and members of his management team
formed for the purposes of investing in the operations of international hospitals in which MPT
has a 49 percent interest.

**RESPONSE TO REQUEST NO. 36:** MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above. MPT objects to this Request

to the extent that it seeks Privileged Information. MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control. MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents," without

limitation to time periods and information relevant to any party's claims or defenses. MPT

further objects that the words and phrases "considered," "contemplated," and "the joint venture

between MPT and Dr. Ralph de la Torre and members of his management team formed for the

purposes of investing in the operations of international hospitals in which MPT has a 49 percent

33

interest" are vague and ambiguous.  For the purpose of responding and objecting to this Request,

MPT will interpret "the joint venture between MPT and Dr. Ralph de la Torre and members of

his management team formed for the purposes of investing in the operations of international

hospitals in which MPT has a 49 percent interest" to mean the International JV.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce the non-privileged contents of Deal Files for

transactions to which the International JV was a party, to the extent identified through a

reasonable search using the Discovery Parameters.

**REQUEST NO. 37.**   All communications and documents related to the formation of
Manolete Health LLC and the investment vehicle that shares the Manolete name (as described in
paragraph 60 of your Complaint), and all communications and documents related to
contemplated or actual acquisitions or other investments by those entities.

**RESPONSE TO REQUEST NO. 37:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents," without

limitation to time periods and information relevant to any party's claims or defenses.  MPT

further objects that the phrase "contemplated . . . acquisitions or other investments" is vague and

ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce (1) non-privileged documents or communications in

its possession, custody, or control discussing the formation of Manolete Health LLC and the

investment vehicle through which Steward's management holds a 51% ownership interest in

Manolete Health LLC, and (2) the non-privileged contents of Deal Files for transactions to which

Manolete Health LLC has been a party, to the extent identified through a reasonable search using

the Discovery Parameters.

**REQUEST NO. 38.**   All communications and documents related to Manolete Health
LLC's acquisition of four Colombian hospitals.

**RESPONSE TO REQUEST NO. 38:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents" without

limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce the non-privileged contents of the Deal Files for

Manolete Health LLC's acquisition of Colombian hospitals as described in paragraph 62 of

MPT's Complaint.

**REQUEST NO. 39.**   All communications and documents related to the unsecured € 1.1
million loan that you made to an entity controlled by Steward's management to facilitate the
purchase of Steward Health Care International, as described in paragraph 62 of your Complaint.

**RESPONSE TO REQUEST NO. 39:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents" without

limitation to time periods relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce responsive, non-privileged documents or

communications in its possession, custody, or control, to the extent identified through a

reasonable search using the Discovery Parameters.

**REQUEST NO. 40.**   All communications and documents related to MPT or Manolete
Health considering, contemplating, negotiating, or otherwise discussing potentially investing in
Steward Health Care International's Malta hospital concessions (as described in paragraph 62 of
your Complaint).

**RESPONSE TO REQUEST NO. 40:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents" without

limitation to time periods relevant to any party's claims or defenses.  MPT further objects to this

Request on the ground that the term "Manolete Health" is vague and ambiguous.  For the

purpose of responding and objecting to this Request, MPT will interpret "Manolete Health" to

mean Manolete Health LLC.  MPT further objects that the terms "considering" and

"contemplating" are vague and ambiguous.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce responsive, non-privileged documents or communications in its possession, custody, or control discussing or concerning any investment in Steward Health Care International's Malta hospital concessions, to the extent identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 41.**   All communications or documents related to MPT considering, contemplating, negotiating, or otherwise discussing any acquisitions or other investments in hospital operations or real estate in Malta.

**RESPONSE TO REQUEST NO. 41:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, in that it seeks "[a]ll communications or documents" without limitation to time periods and information relevant to any party's claims or defenses.  MPT further objects that the terms "considering" and "contemplating" are vague and ambiguous.

Pursuant to the foregoing General and Specific Objections, MPT will not produce documents or communications in response to this Request at this time, except as otherwise may be produced in response to other Requests.  MPT is willing to meet and confer regarding this Request.

**REQUEST NO. 42.**   All communications or documents related to Steward's purchase of hospital concessions in Malta from Vitals Global Healthcare.

**RESPONSE TO REQUEST NO. 42:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications or documents" without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce responsive, non-privileged documents or communications in its possession, custody, or control, to the extent identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 43.**   All communications and documents related to MPT's investment in the real estate of three general acute hospitals in Colombia for approximately $135 million, as described in MPT's Form 10-K for the 2020 fiscal year.

**RESPONSE TO REQUEST NO. 43:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications and documents" without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce the non-privileged contents of the Deal File for MPT's "invest[ment] in the real estate of three general acute care hospitals in Colombia for approximately $135 million," as described on page 78 of MPT's Fiscal Year 2020 Form 10-K.

**REQUEST NO. 44.**   All communications and documents related to MPT's decision to amend its 2020 Form 10-K for the sole purpose of including Steward's consolidated financial statements.

**RESPONSE TO REQUEST NO. 44:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request on the

grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and

seeks information that is not relevant to any party's claims or defenses, including "[a]ll

communications and documents" without limitation to time periods and information relevant to

any party's claims or defenses.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.  MPT is willing to meet and confer regarding this

Request.

**REQUEST NO. 45.**   All communications and documents related to your acquisition of five hospitals in Florida for $900 million, which were leased to Steward, as described in your Form 10-K for the 2021 fiscal year.

**RESPONSE TO REQUEST NO. 45:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, in that it seeks "[a]ll communications and documents" without

limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce the non-privileged contents of the Deal File for the acquisition of "five general acute care facilities in South Florida for approximately $900 million," as described on page 40 of MPT's Fiscal Year 2021 Form 10-K.

**REQUEST NO. 46.**   All communications and documents related to the $335 million loan you made to affiliates of Steward, all of the proceeds of which were used to redeem a similarly sized convertible loan from Steward's former private equity sponsor, as described in your Form 10-K for the 2021 fiscal year.

**RESPONSE TO REQUEST NO. 46:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications and documents" without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce responsive, non-privileged documents or communications in its possession, custody, or control, to the extent identified through a reasonable search using the Discovery Parameters.

**REQUEST NO. 47.**   All communications and documents related to the "Macquarie Transaction," as that transaction is defined in your Form 10-K for the 2022 Fiscal year, pursuant to which you formed a partnership to which MPT contributed eight Massachusetts-based hospitals leased to Steward, and a fund managed by Macquarie Asset Management, for cash consideration, a 50% interest in the partnership.

**RESPONSE TO REQUEST NO. 47:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents" without

limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce the non-privileged contents of the Deal File for the

Macquarie Transaction, as defined on page 76 of MPT's Fiscal Year 2022 Form 10-K.

**REQUEST NO. 48.**   All communications and documents related to the "Steward
Transaction," as described in your 10-Q for the quarterly period ending June 30, 2023, where
Catholic Health Initiatives Colorado, a wholly owned subsidiary of CommonSpirit Health,
acquired the Utah hospital operations of five general acute care facilities previously owned by
Steward, which resulted in you receiving $100 million on May 1, 2023 of the $150 million loan
made in the 2022 second quarter.

**RESPONSE TO REQUEST NO. 48:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, in that it seeks "[a]ll communications and documents" without

limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in

response to this Request, MPT will produce the non-privileged contents of the Deal File for the

Steward Transaction, as defined on page 19 of MPT's Form 10-Q for the quarterly period ended June 30, 2023.

**REQUEST NO. 49.**   All communications and documents related to your decision, in connection with the "Steward Transaction," to sever the acquired facilities from the master lease with Steward, and accordingly accelerate the amortization of the associated in-place lease intangibles (approximately $286 million) and write-off approximately $95 million of straight-line rent receivables.

**RESPONSE TO REQUEST NO. 49:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, in that it seeks "[a]ll communications and documents" without limitation to time periods and information relevant to any party's claims or defenses.  MPT further objects to this Request as duplicative of Request No. 48.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce the non-privileged contents of the Deal File for the Steward Transaction, as defined on page 19 of MPT's Form 10-Q for the quarterly period ended June 30, 2023.

**REQUEST NO. 50.**   All communications and documents related to any decision or agreement by MPT to participate in any asset-backed credit facility for Steward, including your agreement to participate in Steward's syndicated four-year asset-backed credit facility and fund approximately $140 million, as described in your Form 10-Q for the quarterly period ending June 30, 2023.

**RESPONSE TO REQUEST NO. 50:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications and documents related to" MPT's "agreement to participate in Steward's syndicated four-year asset-backed credit facility and fund approximately $140 million," which agreement occurred after Defendants' publication of the defamatory statements alleged in the Complaint and therefore is not a subject of any defamatory statement alleged in the Complaint.

Pursuant to the foregoing General and Specific Objections, MPT will not produce documents or communications in response to this Request at this time, except as otherwise may be produced in response to other Requests.  MPT is willing to meet and confer concerning this Request.

**REQUEST NO. 51.**   All communications and documents related to your decision to sell $105 million of MPT's interest in Steward's syndicated asset-backed credit facility to a global asset manager, as announced on August 17, 2023.

**RESPONSE TO REQUEST NO. 51:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications and documents related to" MPT's "decision to sell $105 million of MPT's interest in Steward's syndicated asset-backed

credit facility to a global asset manager," which decision occurred after Defendants' publication

of the defamatory statements alleged in the Complaint and therefore is not a subject of any

defamatory statement alleged in the Complaint.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.  MPT is willing to meet and confer concerning this

Request.

**REQUEST NO. 52.**   All communications and documents related to the $280
impairment charge MPT recorded in the fourth quarter of 2022, including the reduction of the
carrying value of the underperforming Pennsylvania properties by approximately $170 million
and the reservation of all unbilled rent accruals for a total of $112 million.

**RESPONSE TO REQUEST NO. 52:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents" without

limitation to time periods and information relevant to any party's claims or defenses.  MPT

further objects to this Request on the basis that the phrases "$280 impairment charge" and

"reduction of the carrying value of the underperforming Pennsylvania properties by

approximately $170 million" are vague and ambiguous.  For the purpose of responding and

objecting to this Request, MPT will interpret "$280 impairment charge" and "reduction of the

carrying value of the underperforming Pennsylvania properties by approximately $170 million"

to mean the $283 million impairment charge and $171 million reduction in carrying value

described on page 50 of MPT's Fiscal Year 2022 Form 10-K.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.  MPT is willing to meet and confer concerning this

Request.

**REQUEST NO. 53.**   All communications and documents related to binding
commitments from lenders to provide liquidity to Prospect to pay down certain debt instruments,
as described in your Form 10-Q for the quarterly period ending June 30, 2023.

**RESPONSE TO REQUEST NO. 53:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents related to

binding commitments from lenders to provide liquidity to Prospect to pay down certain debt

instruments," which commitments occurred after Defendants' publication of the defamatory

statements alleged in the Complaint and therefore are not subjects of any defamatory statement

alleged in the Complaint.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.  MPT is willing to meet and confer regarding this

Request.

**REQUEST NO. 54.**   All communications and documents related to MPT's agreement to pursue transactions with Prospect as part of its recapitalization plan, including originating a $50 million convertible loan to PHP Holdings, the managed care business of Prospect, in the first quarter of 2023, as described in your Form 10-Q for the quarterly period ending June 30, 2023.

**RESPONSE TO REQUEST NO. 54:**   MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.   MPT objects to this Request

to the extent that it seeks Privileged Information.   MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.   MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents related to

MPT's agreement to pursue transactions with Prospect as part of its recapitalization plan,

including originating a $50 million convertible loan to PHP Holdings," which agreement

occurred after Defendants' publication of the defamatory statements alleged in the Complaint

and therefore is not a subject of any defamatory statement alleged in the Complaint.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.   MPT is willing to meet and confer regarding this

Request.

**REQUEST NO. 55.**   All communications and documents related to the "Prospect Transaction" to restructure MPT's $1.7 billion investment in Prospect, as defined in your Form 10-Q for the quarterly period ending June 30, 2023, including all communications and documents related to:

(1) modifications to the master lease; (2) the transitioning of the Pennsylvania properties back to Prospect in return for a first lien mortgage on the facilities; (3) the $75 million loan to Prospect secured by a first lien on Prospect's accounts receivable and other assets; (4) the completion of the sale of the Connecticut properties to Yale New Haven; and (5) the acquisition of a non-controlling interest in PHP Holdings of approximately $654 million, which interest was received in exchange of unpaid rent and interest, and certain mortgage and term loans (among other things).

**RESPONSE TO REQUEST NO. 55:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications and documents related to the 'Prospect Transaction' to restructure MPT's $1.7 billion investment in Prospect," which transaction occurred after Defendants' publication of the defamatory statements alleged in the Complaint and therefore is not a subject of any defamatory statement alleged in the Complaint.

Pursuant to the foregoing General and Specific Objections, MPT will not produce documents or communications in response to this Request at this time, except as otherwise may be produced in response to other Requests.  MPT is willing to meet and confer regarding this Request.

**REQUEST NO. 56.**   All communications and documents related to the Notice of Material Modification Proposing Minority Interest Transaction filed by Prospect Health Plan, Inc. with the California Department of Managed Health Care on June 23, 2023, including communications and documents related to the Department's order postponing the transaction, the Department's comments, and the response to the Department's comments.

**RESPONSE TO REQUEST NO. 56:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications and documents related to the

Notice of Material Modification Proposing Minority Interest Transaction filed by Prospect

Health Plan, Inc. with the California Department of Managed Health Care on June 23, 2023,"

which filing occurred after Defendants' publication of the defamatory statements alleged in the

Complaint and therefore is not a subject of any defamatory statement alleged in the Complaint.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.  MPT is willing to meet and confer regarding this

Request.

**REQUEST NO. 57.**   All communications with, concerning, about or related to Vitals
Global Healthcare or its affiliates, including any of their operations involving hospital operations
or concessions in Malta.

**RESPONSE TO REQUEST NO. 57:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications with, concerning, about or

related to Vitals Global Healthcare or its affiliates," without limitation to time periods and

information relevant to any party's claims or defenses.  MPT further objects that the phrase

"operations or concessions" is vague and ambiguous.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.  MPT is willing to meet and confer regarding this

Request.

**REQUEST NO. 58.**   All communications with, concerning, about or related to Bluestone Investments Malta or its affiliates, including any of their operations involving hospital operations or concessions in Malta.

**RESPONSE TO REQUEST NO. 58:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications with, concerning, about or

related to Bluestone Investments Malta or its affiliates," without limitation to time periods and

information relevant to any party's claims or defenses.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.  MPT is willing to meet and confer regarding this

Request.

**REQUEST NO. 59.**   All communications with, concerning, about or related to Shaukat Ali or his sons—Asad Ali and Wajid Ali—, including any of their companies or operations involved in hospital operations or concessions in Malta.

**RESPONSE TO REQUEST NO. 59:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications with, concerning, about or

related to Shaukat Ali or his sons," without limitation to time periods and information relevant to

any party's claims or defenses.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.  MPT is willing to meet and confer regarding this

Request.

**REQUEST NO. 60.**   All communications with, concerning, about or related to Wasay
Bhatti, including any of his companies or operations involved in hospital operations or
concessions in Malta.

**RESPONSE TO REQUEST NO. 60:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, in that it seeks "[a]ll communications with, concerning, about

or related to Wasay Bhatti," without limitation to time periods and information relevant to any

party's claims or defenses.

Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.  MPT is willing to meet and confer regarding this

Request.

     **REQUEST NO. 61.**   All communications with, concerning, about or related to Ram Tumuluri, including any of his companies or operations involved in hospital operations or concessions in Malta.

     **RESPONSE TO REQUEST NO. 61:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant

to any party's claims or defenses, including "[a]ll communications with, concerning, about or

related to Ram Tumuluri," without limitation to time periods and information relevant to any

party's claims or defenses.

     Pursuant to the foregoing General and Specific Objections, MPT will not produce

documents or communications in response to this Request at this time, except as otherwise may

be produced in response to other Requests.  MPT is willing to meet and confer regarding this

Request.

     **REQUEST NO. 62.**   All communications with, concerning, about or related to Malta former prime minister Joseph Muscat.

     **RESPONSE TO REQUEST NO. 62:**  MPT incorporates by reference the General

Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request

to the extent that it seeks Privileged Information.  MPT further objects to this Request to the

extent that it seeks to require MPT to produce documents that are not in its possession, custody,

or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly

burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications with, concerning, about or related to Malta former Prime Minister Joseph Muscat," without limitation to time periods and information relevant to any party's claims or defenses.

Pursuant to the foregoing General and Specific Objections, MPT will not produce documents or communications in response to this Request at this time, except as otherwise may be produced in response to other Requests. MPT is willing to meet and confer regarding this Request.

**REQUEST NO. 63.**   All communications with Ralph de la Torre.

**RESPONSE TO REQUEST NO. 63:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above. MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including "[a]ll communications with Ralph de la Torre," without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce non-privileged communications with Ralph de la Torre in its possession, custody, and control to the extent identified through a reasonable search pursuant to the Discovery Parameters and to the extent responsive to other Requests to which MPT has agreed to search for and produce communications.

**REQUEST NO. 64.**   From 2016 to present, all organizational charts or diagrams related to MPT, Steward, and Prospect. This includes organizational charts and diagrams for all entities included in the definition of MPT, Steward, and Prospect identified in the definitions section above.

**RESPONSE TO REQUEST NO. 64:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, in that it seeks "all organizational charts or diagrams" "[f]rom 2016 to present," without limitation to time periods and information relevant to any party's claims or defenses.

Subject to and without waiver of the foregoing General and Specific Objections, in response to this Request, MPT will produce any organizational charts in its possession, custody, or control for MPT, Steward, and Prospect.

**REQUEST NO. 65.**   From 2016 to present, all communications and documents related to the ownership of any MPT's tenants or borrowers, including Steward and Prospect, receiving any dividends, distributions, or equity disbursements of any kind, including any such dividends, distributions, or equity disbursements made shortly before, contemporaneously with, or any time after MPT purchased property from or made loans to such tenants or borrowers.

**RESPONSE TO REQUEST NO. 65:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent that it seeks Privileged Information.  MPT further objects to this Request to the extent that it seeks to require MPT to produce documents that are not in its possession, custody, or control.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including information concerning tenants or borrowers not referenced in or the subject of defamatory statements identified in MPT's Complaint, "dividends,

distributions, or equity disbursements" from parties other than MPT, and "all communications and documents" "[f]rom 2016 to present," without limitation to time periods and information relevant to any party's claims or defenses.

Pursuant to the foregoing General and Specific Objections, MPT will not produce documents or communications in response to this Request at this time, except as otherwise may be produced in response to other Requests.  MPT is willing to meet and confer regarding this Request.

WACHTELL, LIPTON, ROSEN & KATZ

Michael L. Bell
Wesley B. Gilchrist
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700

Corey Worcester
Jomaire A. Crawford
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

DATED:  October 9, 2023

/s/ *Nathaniel Cullerton*
William Savitt
Sarah K. Eddy
Nathaniel Cullerton
Adabelle U. Ekechukwu
Sijin Choi
Charles M. Melman
51 West 52nd Street
New York, NY  10019
(212) 403-1000

*Attorneys for Medical Properties Trust, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2023, a copy of the foregoing was served on all counsel of record via Email.

WACHTELL, LIPTON, ROSEN & KATZ

Michael L. Bell
Wesley B. Gilchrist
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700

/s/ *Nathaniel Cullerton*
William Savitt
Sarah K. Eddy
Nathaniel Cullerton
Adabelle U. Ekechukwu
Sijin Choi
Charles M. Melman
51 West 52nd Street
New York, NY 10019
(212) 403-1000

Corey Worcester
Jomaire A. Crawford
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

*Attorneys for Medical Properties Trust, Inc.*

DATED: October 9, 2023