IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC.,<br><br>   Plaintiff,<br><br>v.<br><br>VICEROY RESEARCH LLC, *et al.,*<br><br>   Defendants. | Case No. 2:23-cv-00408-RDP |

**DEFENDANTS' MEMORANDUM IN PARTIAL OPPOSITION TO PLAINTIFF'S MOTION FOR ISSUANCE OF A LETTER REQUEST PURSUANT TO THE HAGUE CONVENTION**

Defendants do not object to Plaintiff's Request No. 2, as that request is reasonably tailored to address issues related to MPT that are potentially relevant to this case. Defendants do, however, note its absurdity, as it seeks information about a far-fetched conspiracy theory to short MPT stock that does not exist—one that MPT apparently believes involves Jonathan Weil of the Wall Street Journal. *See* Pl.'s Mot. at pp. 5-6, Request No. 2(A)-(B).[1] Discovery, however, is broad, and Defendants will not stand in the way of MPT as it chases its conspiracy theories

---

[1] MPT has not been shy about accusing the Wall Street Journal of conspiring with short sellers to depress its stock price. The Wall Street Journal published an article in August 2023, where it outed MPT for falsely representing that an unusual bailout deal in which MPT was to receive substantial equity in a side business of one of its tenants, Prospect, in exchange for forgiving over $300 million in rent and other financial obligations was completed, when, in fact, regulators had halted the deal. *See* Jonathan Weil, *Cracks Deepen for America's Biggest Hospital Landlord: Struggling Tenants, a Bailout on Hold*, Wall Street Journal, Aug. 18, 2023 (available at https://www.wsj.com/business/deals/cracks-deepen-for-americas-biggest-hospital-landlord-struggling-tenants-a-bailout-on-hold-21e3294c). That same day, MPT published a press release responding to the article where it accused the Wall Street Journal of intentionally timing the publication with the expiration of short positions in the stock: "Amid a continued chorus of intentionally deceptive claims being perpetuated by individuals with a clear financial incentive to do so, MPT also believes it is notable that the publication of this article coincides with both market hours and the expiration of equity put options which settle on the third Friday every month." *See Medical Properties Trust Responds to Lates WSJ Article,* Medical Properties Trust, Inc., Aug. 18, 2023 (available at https://www.medicalpropertiestrust.com/press-release?page=https://medicalpropertiestrust.gcs-web.com/news-releases/news-release-details/medical-properties-trust-responds-latest-wsj-article). These baseless accusations of market manipulation made against a stalwart of American financial journalism betray the depths of MPT's paranoia.

against third parties who have published about MPT's greedy and unwise business transactions and MPT's misrepresentations about those transactions.

But MPT's Request No. 1 goes too far—seeking information related to Defendants' communications with Cheyne Capital and profit-sharing agreements related to their research about third party companies that have nothing to do with MPT. Over the past several years, Defendants have conducted research and published reports on dozens of companies. In all cases, their reports have disclosed that they either have a direct short position in the companies they write about, or otherwise stand to profit by the decline of the companies' stock price. These transactions have nothing to do with the facts of this case, and opening discovery about Defendants' research about these companies and Defendant's financial arrangements with a hedge fund related to these companies will convert this case into a series of mini lawsuits that will distract from the case at hand.

As MPT concedes, the scope of the requests at issue are governed by Rule 26. And while the scope of discovery under the rule is broad, it is not without limits. Discovery is limited to what is "relevant to any party's claims or defenses and proportional to the needs of the case," considering multiple factors, including "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b).

Here, the information sought in Request No. 1 is not relevant to MPT, and, even if there was some marginal relevance, such marginal relevance does not justify opening discovery to a series of sideshows about other reports and Defendants' financial relationships related to those other reports. It is not disputed that Defendants publish information about companies that they believe are overvalued and that they take short positions in those companies—either directly or through profit sharing agreements. Given that these facts are not disputed, there is no reason to

subject the parties before the Court and elsewhere to the exercise of chasing discovery on issues that will add no value to any party's claims or defenses.

For these reasons, Defendants respectfully request that the Court deny MPT's Request No. 1.

### Required Certification

The undersigned hereby certify that we have affirmatively and diligently sought to submit to the Court only those documents, factual allegations, and arguments that are material to the issues to be resolved, that careful consideration has been given to the contents of all submissions to ensure that the submissions do not include vague language or an overly broad citation of evidence or misstatements of the law, and that all submissions are non-frivolous in nature.

Respectfully submitted this 18th day of December, 2023.

/s/ Richard M. Elias

ELIAS LLC
Richard M. Elias (pro hac vice)
231 S. Bemiston, Suite 800
St. Louis, MO 63105
314-391-6824
relias@eliasllc.com
tfriedman@eliasllc.com

*/s/ J. Ken Thompson*
J. KEN THOMPSON (ASB-1422-P67J)
Attorney for Defendant, Viceroy Research, LLC

J. Ken Thompson
Attorney at Law
P.O. Box 43116
Birmingham, Alabama 35243
205-601-5624
kent@jkenthompsonlaw.com

3

**CERTIFICATE OF SERVICE**

  I hereby certify that I electronically filed a true and correct copy of the foregoing, using the Court's CM/ECF system, which will automatically send email notification to all counsel of record.

                */s/ Richard M. Elias*
                 Richard M. Elias