# Exhibit 18

MPT's Responses to Viceroy's 2nd RFP

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC., <br><br> Plaintiff, <br><br> v. <br><br> VICEROY RESEARCH LLC; FRASER JOHN PERRING; GABRIEL BERNARDE; and AIDAN LAU, <br><br> Defendants. | Civil Action No. 2:23-CV-00408-RDP |

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' SECOND REQUESTS FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Medical Properties Trust, Inc. ("MPT"), by and through its undersigned counsel, hereby responds and objects to Defendants Viceroy Research LLC, Fraser John Perring, Gabriel Bernarde and Aidan Lau's (collectively, "Defendants") Second Requests for Production of Documents (the "Requests").

The Responses reflect the current status of MPT's knowledge, understanding, and belief respecting the Requests. MPT reserves the right to modify, supplement, amend, or clarify its responses herein with whatever pertinent information, facts, or documents subsequently may be discovered. Moreover, should MPT at any time supplement or amend its responses to these Requests, by agreement or otherwise, it expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplementation or amendment. MPT further reserves the right to produce additional information or other evidence at any time, including at trial, and to object on any grounds to the introduction into evidence of any portion of

these Responses.  MPT further reserves all rights to modify, supplement, or amend the Responses based on any ruling by the Court with respect to any motions.

Information contained in any Response or the production of any given document pursuant to these Requests is not an admission or acknowledgement by MPT that such information or document is relevant to any claim or defense in this action; is without prejudice to MPT's right to contend at trial or in any other or subsequent proceeding, in this action or otherwise, that such document is inadmissible, irrelevant, immaterial, or not the proper basis for discovery; and is without prejudice to or waiver of any objection to any future use of such information or document that MPT may make.  Any responsive proprietary or other commercially protected information or documents will be subject to the terms of the Protective Order entered by the Court on November 16, 2023.

## **GENERAL OBJECTIONS**

MPT makes the following General Objections to the Requests and incorporates them, as well as the Objections to Definitions below, into its responses to each and every Request, whether or not specifically stated in the individual response.  An assertion of the same, similar, or additional objections in response to a specific Request does not waive any of these General Objections as to that or any other Request.  By submitting these objections and responses, MPT does not in any way adopt Defendants' purported definition of words and phrases contained in Defendants' Requests.  To the extent Defendants have ascribed special meaning or definitions to words used in the Requests, MPT objects to those definitions to the extent that they are inconsistent with either (a) the definitions set forth in MPT's responses or (b) the ordinary and customary meanings of such words and phrases.  Likewise, MPT objects to Defendants' purported definitions to the extent that they purport to impose upon MPT any obligation broader than, or inconsistent with, applicable discovery rules or common law.  Capitalized terms used by

MPT in these Responses and Objections but not defined herein will have the meanings given in MPT's First Requests for Production to Defendant Viceroy Research LLC.

1. MPT objects to the Requests, including without limitation any portion of the definitions, to the extent they seek information beyond the scope of discovery as provided by the Federal Rules of Civil Procedure, the Local Rules of the Northern District of Alabama, any order or ruling in this matter, or any agreements reached between the parties to this action (the "Applicable Rules").

2. MPT objects to the Requests as irrelevant, overbroad, and not proportionate to the needs of the case to the extent they seek information about "transactions or events [that] occurred after [Defendants'] alleged defamatory statements were published." *Med. Props. Tr., Inc.* v. *Viceroy Rsch. LLC*, No. 2:23-cv-00408-RDP, ECF No. 83, at 15 (N.D. Ala. Jan. 12, 2024). Such matters "will have no bearing on either the veracity of [those] statements"—which "'must be determined as of the time of . . . publication'"—or "the calculation of damages." *Id.* at 15-16 (quoting Restatement (Second) of Torts § 581A(g) (1977)).

3. MPT objects to the Requests to the extent they otherwise seek information that is neither relevant to the subject matter of this action nor proportional to the needs of the case.

4. MPT objects to the Requests to the extent they require MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive. MPT will provide information only to the extent that such information is in the possession, custody, or control of MPT and not publicly available or otherwise already in the possession of Defendants.

3

5.      MPT objects to the Requests to the extent that they purport to impose an obligation on MPT to produce documents that are not in its possession, custody, or control. To the extent MPT agrees to produce documents in response to a Request, MPT will produce only documents within its possession, custody, or control.

6.      MPT objects to the Requests to the extent that they seek production of "all" documents or communications within a category on the grounds that (a) it is impractical and unduly burdensome to attempt to collect, review, and produce "all" documents, without limitation as to time periods, custodians, or information pertinent to the claims and defenses in this action, and (b) MPT cannot ensure that it has located every document or communication responsive to a particular Request. MPT will produce responsive, non-privileged documents, if any, collected and identified pursuant to reasonable discovery parameters that MPT will utilize for the collection and review of documents (the "Discovery Parameters").

7.      MPT objects to the Requests to the extent that they call for the disclosure of information that is privileged or otherwise protected from discovery on any ground, including but not limited to attorney-client privilege, work-product immunity, business strategy immunity, and any other recognized privileges, immunities, protections, or exceptions (collectively, "Privileged Information"). Any Response herein to the effect that MPT will produce "non-privileged Documents or Communications" (or similar phrasing) means that MPT will produce the specified documents to the extent they do not contain Privileged Information. MPT does not intend to produce Privileged Information, and any disclosure of documents or information containing Privileged Information shall not be deemed, nor is it intended, to constitute a waiver of the attorney-client privilege, work-product immunity, business strategy immunity, or any other applicable privilege, immunity, protection, or exception. Any such disclosed Privileged

4

Information will be subject to clawback by MPT as provided in the Protective Order entered by the Court on November 16, 2023.

8. MPT objects to the Requests to the extent they seek information that constitutes confidential, proprietary, private, or financial information, or trade secrets protected from disclosure. MPT will produce such information, if any, only pursuant to the terms of the Protective Order entered by the Court on November 16, 2023.

9. MPT objects to the Requests insofar as they incorporate purported facts. Nothing in these Responses and Objections shall be deemed, nor is it intended, to mean that MPT adopts, acquiesces in, or otherwise accepts the way in which the Requests describe or characterize the facts, circumstances, subject matter, or events discussed. While MPT may use certain of the Requests' defined terms in its responses, such usage is solely for convenience and does not constitute an endorsement of or agreement to any purported facts stated or implied by the Requests' defined terms.

10. MPT objects to the Requests insofar as they require MPT to form a legal conclusion to provide a response.

11. MPT objects to the Requests to the extent that they relate solely to statements or other conduct not pleaded in MPT's Complaint.

12. Any statement by MPT that it will produce documents in response to a Request is not to be construed as an admission that any document exists within any requested category or categories and is in the possession, custody, or control of MPT, but solely as a statement that MPT will produce (subject to and consistent with the General Objections, the Objections to Definitions, and the Specific Objections set forth herein) non-privileged, responsive documents

within its possession, custody, or control, should such documents exist, that MPT identifies based on a reasonable search.

13. The responses set forth below are based upon information presently known to MPT, which reserves the right at any time to supplement, amend, revise, correct, and/or clarify these Responses and Objections. Moreover, should MPT at any time supplement or amend its responses to these Requests, by agreement or otherwise, it expressly reserves the right to assert any applicable objection, privilege, or other protection in connection with such supplement or amendment.

14. Nothing in these Responses and Objections is intended as a waiver or limitation of MPT's right to object, on any grounds and in any proceeding, to the use of any information or documents produced in response to or referred to in these Responses and Objections.

15. MPT is willing to meet and confer about any of its General Objections, Objections to Definitions, or Specific Objections to any Request.

## **OBJECTIONS TO DEFINITIONS**

Included within each of the Responses to Specific Requests are the following Objections to Definitions, whether or not specifically stated in the individual response. An assertion of the same, similar, or additional objections in response to a specific Request does not waive any of these Objections to Definitions as to that or any other Request.

1. MPT objects to each and every "definition" in the Requests to the extent they define terms in a manner that is broader than the uniform definitions and rules of construction set forth in the Federal Rules and any applicable Local Rule, including without limitation Federal Rules 26 and 34.

2. MPT objects to Defendants' definition of "affiliate" to the extent it seeks to include "any company in which the named entity has, directly or indirectly, an ownership interest

equal to or greater than 10 percent," on the ground that such construction is overbroad.  For purposes of responding to these Requests, and consistent with, *inter alia*, Ala. Code § 10A-1-1.03(1), MPT will construe "affiliate" to mean a person or entity who controls, is controlled by, or is under common control with another person.

3. MPT objects to Defendants' definition of "communication" on the grounds that it is overbroad, vague, and unduly burdensome to the extent it encompasses "the transmittal of information . . . by any means of transmission, regardless of whether the transmittal was initiated or received by an individual or a system," and includes "face-to-face-conversations," which are not capable of being produced.  For purposes of responding to these Requests, MPT will limit the scope of "communication" to accessible files that are capable of being produced.

4. MPT objects to Defendants' definition of "MPT," "you," and "your" as overly broad, unduly burdensome, not proportional to the needs of the case, vague and ambiguous, including to the extent it purports to require MPT to search for or produce information that is not in its possession, custody, or control.  In responding to these Requests, MPT will construe the terms "MPT," "you," and "your" to mean Medical Properties Trust, Inc. and any person or entity possessing discoverable material in Medical Properties Trust, Inc.'s possession, custody, or control.

5. MPT objects to Defendants' definition of "Steward" as overly broad, unduly burdensome, not proportional to the needs of the case, vague and ambiguous.  In responding to these Requests,  MPT will construe the term "Steward" to mean Steward Health Care System LLC and its affiliates.

**SPECIFIC RESPONSES AND OBJECTIONS**

**REQUEST NO. 1.** All documents and communications related to Stewards' delay or failure to make timely rent or other payment obligations to MPT, including the delays and failures to pay rent disclosed in MPT's third quarter 2023 Form 10-Q and MPT's press release dated January 3, 2024.

**RESPONSE TO REQUEST NO. 1:** MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above. MPT objects to this Request to the extent it seeks Privileged Information. MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive. MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including to the extent it seeks (i) information about matters postdating Defendants' defamatory statements, and (ii) "[a]ll documents and communications related to Stewards' delay or failure to make timely rent or other payment obligations to MPT" without limitation to time periods and information relevant to any party's claims or defenses. MPT further objects to this Request to the extent it is duplicative of Defendants' First Requests for Production of Documents. MPT further objects to this Request as untimely and prejudicial, as it was made more than six months after the commencement of discovery and less than six weeks before the parties' substantial completion deadline.

Pursuant to the foregoing General and Specific Objections, MPT will not conduct additional searches for documents or communications in response to this Request, and will produce in response to this Request only those documents and communications that may

8

otherwise have been identified through reasonable searches already performed pursuant to the Discovery Parameters.

**REQUEST NO. 2.**   All documents and communications related to MPT's deferral of approximately $50 million in Steward's rent or other payment obligations related to the Norwood Hospital, as disclosed in MPT's press release dated January 4, 2024.

**RESPONSE TO REQUEST NO. 2:** MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including because it seeks information about matters postdating Defendants' defamatory statements.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request.

**REQUEST NO. 3.**   All documents and communications related to the negative impact to Steward's liquidity due to significant changes to Steward's vendors' payment terms, as disclosed in MPT's press release dated January 4, 2024.

**RESPONSE TO REQUEST NO. 3:** MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source

other than MPT by means that are more convenient, less burdensome, or less expensive. MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including because it seeks information about matters postdating Defendants' defamatory statements.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request.

**REQUEST NO. 4.**   All communications and documents related to MPT's management team "work[ing] closely with Steward and its own advisors to develop an action plan which, if successful, is designed to strengthen Steward's liquidity and restore its balance sheet, optimize MPT's ability to recover unpaid rent, and ultimately reduce MPT's exposure to Steward," as announced in MPT's press release dated January 4, 2024.

**RESPONSE TO REQUEST NO. 4:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above. MPT objects to this Request to the extent it seeks Privileged Information. MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive. MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including because it seeks information about matters postdating Defendants' defamatory statements.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request.

**REQUEST NO. 5.**   All documents and communications related to MPT's engagement of and interaction with Alvarez & Marsal Securities, LLC ("A&M") related to A&M's advising

10

MPT on its options to enable the recovery of uncollected rent and outstanding loans from Steward, as disclosed in MPT's press release dated January 4, 2024.

**RESPONSE TO REQUEST NO. 5:** MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including because it seeks information about matters postdating Defendants' defamatory statements.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request.

**REQUEST NO. 6.**   All documents and communications related to Steward's strategic transactions, including the sale or re-tenanting of certain hospital operations as well as the divestiture of noncore operations, that Steward is pursuing, as disclosed in MPT's press release dated January 4, 2024.

**RESPONSE TO REQUEST NO. 6:** MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is outside of MPT's possession, custody, or control; is publicly available; is already in the possession of Defendants; or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive.  MPT further objects to this Request on the

11

grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including because it seeks information about matters postdating Defendants' defamatory statements.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request.

**REQUEST NO. 7.**   All documents and communications related to Steward's commitment to seeking a third-party capital partner for its managed care business, net proceeds from which will be used in part to repay all outstanding obligations to MPT, as disclosed in MPT's press release dated January 4, 2024.

**RESPONSE TO REQUEST NO. 7:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is outside of MPT's possession, custody, or control; is publicly available; is already in the possession of Defendants; or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including because it seeks information about matters postdating Defendants' defamatory statements.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request.

**REQUEST NO. 8.**   All documents and communications related to Steward's efforts to intensify measures to improve collections and overall governance, including establishment of a transformation committee comprised of newly appointed independent directors and submission of periodic cash activity and asset sale progress reports to MPT and its ABL lenders, as disclosed in MPT's press release dated January 4, 2024.

**RESPONSE TO REQUEST NO. 8:** MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above. MPT objects to this Request to the extent it seeks Privileged Information. MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is outside of MPT's possession, custody, or control; is publicly available; is already in the possession of Defendants; or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive. MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including because it seeks information about matters postdating Defendants' defamatory statements.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request.

**REQUEST NO. 9.** All documents and communications related to the $60 million bridge loan that MPT agreed to give Steward, as disclosed in MPT's press release dated January 4, 2024.

**RESPONSE TO REQUEST NO. 9:** MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above. MPT objects to this Request to the extent it seeks Privileged Information. MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive. MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's

claims or defenses, including because it seeks information about matters postdating Defendants' defamatory statements.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request.

**REQUEST NO. 10.**   All documents and communications related to the security interests Steward granted MPT in Steward's managed care platform to secure approximately $215 million in existing transaction-specific and working capital loans MPT gave to Steward, as disclosed in MPT's press release dated January 4, 2024.

**RESPONSE TO REQUEST NO. 10:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including because it seeks information about matters postdating Defendants' defamatory statements.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request.

**REQUEST NO. 11.**   All documents and communications related to the rent deferrals that MPT agreed to give Steward, as disclosed in your press release dated January 4, 2024.

**RESPONSE TO REQUEST NO. 11:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request to the extent

14

that it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including because it seeks information about matters postdating Defendants' defamatory statements.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request.

**REQUEST NO. 12.**   All documents and communications related to the non-cash charges of approximately $350 million that MPT expects to record in the fourth quarter of 2023, as disclosed in your press release dated January 4, 2024.

**RESPONSE TO REQUEST NO. 12:**  MPT incorporates by reference the General Objections, including the Objections to Definitions, set forth above.  MPT objects to this Request to the extent it seeks Privileged Information.  MPT further objects to this Request to the extent that it requires MPT to search for and provide information that is publicly available, is already in the possession of Defendants, or is equally obtainable from third parties or from some source other than MPT by means that are more convenient, less burdensome, or less expensive.  MPT further objects to this Request on the grounds that it is overly broad, unduly burdensome, not proportional to the needs of the case, and seeks information that is not relevant to any party's claims or defenses, including because it seeks information about matters postdating Defendants' defamatory statements.

Pursuant to the foregoing General and Specific Objections, MPT will not produce Documents in response to this Request.

15

Michael L. Bell
Wesley B. Gilchrist
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL 35203
(205) 581-0700

Corey Worcester
Jomaire A. Crawford
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

DATED:  February 5, 2024

WACHTELL, LIPTON, ROSEN & KATZ

/s/ *Nathaniel Cullerton*
William Savitt
Sarah K. Eddy
Nathaniel Cullerton
Adabelle U. Ekechukwu
Charles M. Melman
51 West 52nd Street
New York, NY  10019
(212) 403-1000

*Attorneys for Medical Properties Trust, Inc.*

## CERTIFICATE OF SERVICE

     I hereby certify that on February 5, 2024, a copy of the foregoing was served on all counsel of record via Email.

|  |  |
|---|---|
|  | WACHTELL, LIPTON, ROSEN & KATZ |
|  | /s/ *Nathaniel Cullerton* |
| Michael L. Bell | William Savitt |
| Wesley B. Gilchrist | Sarah K. Eddy |
| LIGHTFOOT, FRANKLIN & WHITE LLC | Nathaniel Cullerton |
| The Clark Building | Adabelle U. Ekechukwu |
| 400 20th Street North | Charles M. Melman |
| Birmingham, AL 35203 | 51 West 52nd Street |
| (205) 581-0700 | New York, NY  10019 |
|  | (212) 403-1000 |
| Corey Worcester |  |
| Jomaire A. Crawford | *Attorneys for Medical Properties Trust, Inc.* |
| QUINN EMANUEL |  |
|   URQUHART & SULLIVAN, LLP |  |
| 51 Madison Avenue, 22nd Floor |  |
| New York, NY  10010 |  |
| (212) 849-7000 |  |

DATED:  February 5, 2024