FILED
2024 Mar-08 PM 05:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 19

MPT's Answers to Viceroy's 1st Interrogatories

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC., <br><br> Plaintiff, <br><br> v. <br><br> VICEROY RESEARCH LLC; FRASER JOHN PERRING; GABRIEL BERNARDE; and AIDAN LAU, <br><br> Defendants. | Civil Action No. 2:23-cv-00408-RDP |

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure (the "Federal Rules"), Plaintiff Medical Properties Trust, Inc. ("MPT"), by and through its undersigned counsel, hereby responds and objects to Defendants Viceroy Research LLC, Fraser John Perring, Gabriel Bernarde and Aidan Lau's (collectively, "Defendants") First Set of Interrogatories (the "Interrogatories"), dated December 8, 2023.

## GENERAL OBJECTIONS

1. Plaintiff objects to the Interrogatories to the extent they are vague, ambiguous, unduly burdensome, overly broad (as to scope, time or otherwise), and attempt to amend or add to the requirements of the Federal Rules of Civil Procedure and/or the Local Rules of the United States District Court for the Northern District of Alabama.

2. Plaintiff objects to the Interrogatories to the extent they are neither relevant to any party's claim or defense nor proportional to the needs of the case.

3.     Plaintiff objects to the Interrogatories to the extent that they seek information that is not in the possession, custody, or control of the Plaintiff.

4.     Plaintiff objects to the Interrogatories to the extent that they seek information that is already in Defendants' possession, custody or control, or that is a matter of public record, because such information is as readily accessible and available to Defendants from another source as from the Plaintiff.

5.     Plaintiff objects to the Interrogatories to the extent that they request information protected from disclosure by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection afforded by law.  Plaintiff will not provide any such privileged information and none of Plaintiff's specific responses to the Interrogatories shall be construed to mean that Plaintiff intends to provide privileged information.

6.     In providing responses to the Interrogatories, Plaintiff does not in any way waive or intend to waive, but rather intends to preserve and is preserving:

   a. all objections to the competency, relevancy, materiality, and admissibility of the Interrogatories, the responses and their subject matter;

   b. all objections as to the vagueness, ambiguity, or other infirmity in the form of the Interrogatories, and any objections based on the undue burden imposed by the Interrogatories;

   c. all rights to object on any ground to the use of the responses, or their subject matter, at any subsequent proceeding, including the trial of this matter, or in any other action;

   d. all rights to object on any ground to any further Interrogatories or any other discovery request involving or relating to the subject matter of the Interrogatories;

   e. the right at any time to revise, modify, clarify, and/or supplement the responses to the Interrogatories prior to trial; and

   f. any and all privileges and/or rights under the applicable Federal Rules, the Rules of this Court, or the common law, including but not limited to, the attorney-client, work-product and material prepared in anticipation of litigation privileges.

7.      Plaintiff objects to the Interrogatories to the extent that they are premature contention or "all facts" interrogatories that are not proper prior to the completion of meaningful discovery, including document discovery. Plaintiff further objects to the Interrogatories on the grounds that discovery in this action is still in its early stages and Plaintiff's investigation is ongoing, which is impacted by Defendants' failure to produce any meaningful discovery to date.

8.      Plaintiff objects to the Interrogatories to the extent that the information sought can be obtained through more convenient, more efficient, less burdensome, or less expensive means.

9.      Plaintiff expressly reserves the right to amend, supplement or correct its responses to the Interrogatories as discovery continues.

10.     The foregoing General Objections are incorporated by reference into each of the Specific Objections set forth below.

## RESPONSES AND OBJECTIONS TO SPECIFIC INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each and every statement—written or oral—made by any of Defendants or anyone else that you claim is false, misleading, and/or defamatory and for which you are seeking relief in this lawsuit, and for each such statement, identify the statement verbatim, the date of the statement, the person who made the statement, if written, the publication or writing in which the statement was written, and, if oral, the circumstances under which the statement was made.

**RESPONSE TO INTERROGATORY NO. 1:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and seeking information that is not proportional to the needs of the case insofar as it purports to require Plaintiff to identify "each and every statement—written or oral—made by any of Defendants or anyone else that you claim is false, misleading, and/or defamatory" for which Plaintiff is "seeking relief in this lawsuit." Plaintiff further objects to this Interrogatory as premature given that discovery is still in its early stages and Plaintiff's investigation is ongoing, including to the

extent it purports to require Plaintiff to identify "each and every statement," whether "written or oral," and whether or not made by any Defendant.

Subject to and without waiving any of the foregoing Objections, including the General Objections, based on its investigation to date, Plaintiff identifies the defamatory statements made by Defendants in the enclosed Appendix A.

Plaintiff expressly reserves the right to amend, supplement or correct its responses to this Interrogatory as discovery continues.

**INTERROGATORY NO. 2:**

For each statement identified in Interrogatory No. 1 above, identify all facts supporting your contention that the statement was false, misleading, and/or defamatory.

**RESPONSE TO INTERROGATORY NO. 2:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, disproportionate, and seeking information that can be obtained by more convenient, less burdensome, or less expensive means insofar as it purports to require Plaintiff to identify "all facts supporting [Plaintiff's] contention that the statement was false, misleading, and/or defamatory." Plaintiff further objects to this Interrogatory to the extent it calls for material protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. Plaintiff further objects to the Interrogatory as a premature contention or "all facts" interrogatory that is not proper prior to the completion of meaningful discovery, including document discovery. Plaintiff further objects to the Interrogatory on the grounds that discovery, including document discovery, is still in its early stages and Plaintiff's investigation is ongoing.

Subject to and without waiving any of the foregoing Objections, including the General Objections, Plaintiff refers to its Complaint, which sets forth reasons why Defendants' statements are false and defamatory.

Plaintiff expressly reserves the right to amend, supplement or correct its responses to this Interrogatory as discovery continues.

**INTERROGATORY NO. 3:**

Identify all individuals with whom you claim that Defendants have entered into a "conspiracy" related to MPT, as you allege in paragraphs 77-80 and elsewhere in your Complaint, and for each such person, identify when the alleged conspiracy was formed, how the conspiracy was formed, whether it was written, oral or both, all participants to the conspiracy, the purpose and object of the conspiracy, and all documents supporting your contention that the conspiracy exists.

**RESPONSE TO INTERROGATORY NO. 3:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, disproportionate, and seeking information that can be obtained by more convenient, less burdensome, or less expensive means. Plaintiff further objects to this Interrogatory to the extent it calls for material protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges or doctrines. Plaintiff further objects to this Interrogatory on the ground that it is a premature contention or "all facts" interrogatory that is not proper prior to the completion of meaningful discovery, including document discovery. Plaintiff further objects to this Interrogatory as premature given that discovery is still in its early stages and Plaintiff's investigation is ongoing.

On the basis of the foregoing Objections, including the General Objections, Plaintiff will not respond to this Interrogatory at this time, but is willing to meet and confer with Defendants

regarding an appropriate date following the completion of meaningful discovery to respond to this Interrogatory.

|  |  |
|---|---|
| Michael L. Bell<br>Wesley B. Gilchrist<br>LIGHTFOOT, FRANKLIN & WHITE LLC<br>The Clark Building 400<br> 20th Street North<br>Birmingham, AL 35203<br>(205) 581-0700<br><br>Corey Worcester<br>Jomaire A. Crawford<br>QUINN EMANUEL<br>   URQUHART & SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY  10010<br>(212) 849-7000<br><br>DATED: January 19, 2024 | WACHTELL, LIPTON, ROSEN & KATZ<br><br>/s/ *Nathaniel Cullerton*<br>William Savitt<br>Sarah K. Eddy<br>Nathaniel Cullerton<br>Adabelle U. Ekechukwu<br>Charles M. Melman<br>51 West 52nd Street<br>New York, NY 10019<br>(212) 403-1000<br><br>*Attorneys for Medical Properties Trust, Inc.* |

-6-

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January 19, 2024, a true and correct copy of the foregoing was served on all counsel of record via Email.

<table>
<tr><td>

Michael L. Bell
Wesley B. Gilchrist
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building 400
 20th Street North
Birmingham, AL 35203
(205) 581-0700

Corey Worcester
Jomaire A. Crawford
QUINN EMANUEL
   URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

</td><td>

WACHTELL, LIPTON, ROSEN & KATZ

/s/ *Nathaniel Cullerton*
William Savitt
Sarah K. Eddy
Nathaniel Cullerton
Adabelle U. Ekechukwu
Charles M. Melman
51 West 52nd Street
New York, NY 10019
(212) 403-1000

*Attorneys for Medical Properties Trust, Inc.*

</td></tr>
</table>

## VERIFICATION

I, R. Steven Hamner, as the Executive Vice President and Chief Financial Officer of Medical Properties Trust, Inc., have reviewed Plaintiff's Responses and Objections to Defendants' First Set of Interrogatories. The information contained in the Responses is accurate to the best of my knowledge, information, and belief. I declare under penalty of perjury that the forgoing is true and correct.

Dated: January 19, 2024

R. Steven Hamner
Medical Properties Trust, Inc.
Executive Vice President &
Chief Financial Officer