IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC., <br><br> Plaintiff, <br><br> v. <br><br> VICEROY RESEARCH LLC, *et al.,* <br><br> Defendants. | Case No. 2:23-cv-00408-RDP |

## MOTION FOR CLARIFICATION

Defendants respectfully seek to clarify the nature of the dispute they raised by email today and seek clarification from the Court related to its ensuing Order (ECF # 103). The Court's Order stated that the Court "understands that Plaintiff has designated certain documents as confidential under the Protective Order and Defendant disputes or challenges that designation and plans to file the documents on the court's public docket." *Id.*

Defendants seek to clarify that they are not challenging the confidentiality designation of the documents. Instead they are going to file with the Court documents that Plaintiff has marked "Confidential" in support of their motion for summary judgment. The Protective Order expressly allows parties to disclose confidential information to the Court in support of a motion. *See* Protective Order (ECF #72) at ¶¶ 6(f), 7.

Therefore, the issue before the Court is *not* whether Plaintiff has properly designated the documents as confidential (which Defendants do not concede it has); rather it is whether these documents should be filed under seal. *See LSM Tech. PTY Ltd. v. The Sky-Klone Co.*, 2022 WL 18492524, at *1 (M.D. Fla. 2022) ("Whether documents may be filed under seal is a separate issue from whether the parties may agree that the documents are confidential…."). The

Protective Order expressly places the burden of sealing a document on the party seeking the seal: "Any party seeking to seal any such materials shall request leave of the court, in advance, to file the materials under seal." Protective Order (ECF # 72) at ¶ 7.

Defendants cannot in good faith seek to seal the documents at issue. There is a strong presumptive right of public access to judicial proceedings, including the right to inspect and copy public records and documents. *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Material "filed in connection with pretrial motions that require judicial resolution of the merits is subject to the common-law right" of access. *Id.* at 1312.

As stated in our informal submission to the Court, we do not believe there is any good faith argument that can be made to override the strong presumption of public access to the documents that Defendants intend to file in support of their motion for summary judgment, which will show that the statements that Plaintiff claims are defamatory are true.

Defendants, however, recognize that Plaintiff has designated these documents as "Confidential" and may wish to make arguments why it thinks the documents should be sealed (which Defendants will oppose). Defendants, therefore, have notified Plaintiff that they intend to file the documents in support of their summary judgment motion on September 5, and that, if it believes any of these documents should be filed under seal, it should promptly file a motion to do so. The purpose of the email to the Court was to notify the Court of the issue and to hopefully have the Court order a deadline to make any such motion to the Court that would allow for resolution by our intended filing date of September 5.

It is important to note that we notified Plaintiff of our intent to file these documents on August 20, and have been trying to have a telephonic meet and confer, but that Plaintiff has not agreed to schedule one. This delay is unnecessary, and Defendants are simply seeking

clarification on how to proceed to allow Plaintiff an opportunity to move to have the documents we intend to file under seal.

Therefore, Defendants respectfully request clarification of the Court's order on how to proceed given that Defendants are not challenging the confidentiality designation of the documents. Defendants believe the best procedure is for the Court to set a deadline by which Plaintiff must move to file any motion to seal the documents we have discloserd to them so that this issue may be promptly resolved. Resolution of this issue is hindering Defendants' ability to file their summary judgment motion.

Respectfully Submitted,

Dated: August 27, 2024

/s/ Richard M. Elias:

ELIAS LLC
Richard M. Elias (pro hac vice)
231 S. Bemiston, Suite 800
St. Louis, MO 63105
314-391-6824
relias@eliasllc.com
tfriedman@eliasllc.com

/s/ J. Ken Thompson
J. KEN THOMPSON (ASB-1422-P67J)
Attorney for Defendant, Viceroy Research, LLC

J. Ken Thompson
Attorney at Law
P.O. Box 43116
Birmingham, Alabama 35243
205-601-5624
kent@jkenthompsonlaw.com

3

## **CERTIFICATE OF SERVICE**

      I hereby certify that I sent a copy of the foregoing to all counsel of record via email on August 27, 2024.

                                                  */s/ Richard M. Elias*
                                                    Richard M. Elias