# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC.,<br><br>Plaintiff,<br><br>- v. -<br><br>VICEROY RESEARCH LLC; FRASER JOHN PERRING; GABRIEL BERNARDE; and AIDAN LAU,<br><br>Defendants. | Civil Action No. 2:23-cv-00408-RDP |

## JOINT REPORT OF MEET AND CONFER
## PURSUANT TO THE COURT'S AUGUST 28, 2024 ORDER (DOC. 104)

Pursuant to the Court's August 28, 2024 Order (Doc. 104), Plaintiff Medical Properties Trust, Inc. ("MPT") and Defendants Viceroy Research LLC, Fraser John Perring, Gabriel Bernarde, and Aidan Lau (collectively, "Defendants"), by and through counsel, conducted a meet and confer on September 18, 2024. The parties submit the following joint report of the meet and confer:

1. MPT was represented by Nathaniel D. Cullerton, Adabelle U. Ekechukwu, Charles M. Melman, and John Ferraro by Zoom and Wesley B. Gilchrist in person and by Zoom at the offices of Lightfoot, Franklin & White LLC in Birmingham. Defendants were represented by Richard M. Elias by Zoom and

Ken Thompson in person and by Zoom at the offices of Lightfoot, Franklin & White LLC in Birmingham.

    i. Defendants stated that they intend to proceed with filing a motion for summary judgment upon resolution of the present dispute concerning whether documents they intend to attach to their motion that MPT has designated as "Confidential" under the Protective Order (the "Proposed Exhibit Documents") should be filed under seal. Defendants further stated that they do not believe that there is a basis to keep any of the Proposed Exhibit Documents or portions thereof under seal. MPT stated that it believed that some of the Proposed Exhibit Documents may ultimately be unsealed, but that many of the documents are entitled to confidentiality protection and thus should remain under seal. MPT further stated that in light of Defendants' position that none of the Proposed Exhibit Documents should be sealed, a further document-by-document discussion at that time would not be productive.

 2. MPT agreed to consider further whether certain documents should be de-designated, and Defendants agreed to consider whether certain documents identified by MPT merited confidentiality protection on an exception basis.

 3. The parties agree that they need the Court's guidance with respect to the documents and how best to present any dispute over confidentiality to the Court.

The parties are prepared to discuss the issue further at the conference scheduled on October 1, 2024.

4. The parties have been unable to reach agreement as to any documents.

5. The parties offer the following with respect to their positions:

a. MPT's position:

i. This dispute is premature. Defendants assert that they need to de-designate the documents in order to move for summary judgment, but fact discovery will not be complete until December 10, 2024, all other discovery including expert discovery is due by May 15, 2025, and the summary judgment deadline is not until July 1, 2025. (Doc. 96). The parties are completing their document productions, no depositions have been taken, and expert discovery has not begun. The parties are currently scheduling party depositions of at least seven fact witnesses, as well as potentially a number of third parties, to be completed by December 10, 2024.

ii. Given that fact discovery is ongoing, Defendants' premature proposed summary judgment motion, and accompanying request to publicize more than 100 confidential MPT documents—including confidential transaction negotiations, board communications, business strategies, financial information, and confidential advice from third-party advisors, among others—does not appear to be a genuine effort to litigate the merits in an orderly fashion. Rather, the motion and

request to de-designate appear part and parcel of Defendants' ongoing PR campaign against MPT.

iii. The right of public access to judicial records "is not absolute." *Chicago Trib. Co.* v. *Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). All of the Proposed Exhibit Documents have been designated Confidential under the Protective Order, and should be sealed in the first instance. Defendants have themselves designated every document they have produced in this action Confidential under the Protective Order, designations that MPT continues to honor. While Defendants are free to file a summary judgment motion at this time if they wish—notwithstanding that summary judgment motions filed prior to the close of discovery are often dismissed as premature—Defendants can do so by filing documents designated Confidential under seal in the first instance. If and when MPT is required to respond to the motion on the merits, the parties and the Court can then consider, with the benefit of a full record that includes the exhibits that both parties attach to their opposition and reply memoranda, whether unsealing of any documents filed by either side in connection with the motion is warranted. Defendants' proposal would instead have the parties and the Court consider multiple rounds of confidentiality disputes piecemeal and without the context that full merits briefing on the summary judgment motion will provide.

iv. Alternatively, should the Court desire to consider these issues further at this time, MPT respectfully requests that Defendants, as the party challenging confidentiality, be required to follow the procedure set forth in Paragraph 9 of the Protective Order (Doc. 72) and file a motion challenging the confidentiality of the documents, to which MPT will respond.

b. Defendants' position:

i. The dispute is not premature. Under Rule 56 of the Federal Rules of Civil Procedure, a party may move for summary judgment at any time and need not wait until the close of discovery to do so. In light of the documents produced and recent events, including the bankruptcy of MPT's largest tenant, Steward Health Care—which has resulted in over $2 billion in recorded impairments for MPT—the case is ripe for summary judgment. Defendants are entitled to file for summary judgment to avoid unnecessary costs, including expert discovery on issues such as damages.

ii. The only reason Defendants are filing for summary judgment is because they have meritorious and compelling legal reasons to do so. MPT's complaint that Defendants' motion for summary judgment is in furtherance of a "PR campaign against MPT" is unfounded. MPT has voluntarily filed this defamation action against Defendants putting at issue MPT's transactions with Steward and its other tenants, and MPT's public disclosures and non-disclosures about those

transactions. The truth is a complete defense to a defamation claim, and Defendants intend to prove with MPT's own documents that the statements that MPT claims are defamatory are true. Importantly, given the national public health care crisis resulting from Steward's bankruptcy, MPT is under intense public scrutiny. Indeed, its conduct has been the subject of multiple congressional hearings, with federal and state legislators calling MPT's arrangement with Steward a "Ponzi scheme." Therefore, the negative "PR" that MPT is concerned about by the disclosure of its documents is a crisis of its own making. MPT has chosen to put its conduct squarely at issue in this Court by accusing Defendants of defaming it, and Defendants are entitled to prove that their alleged defamatory statements are true.

      iii. This issue of sealing is **not** an issue of confidentiality designations under the Protective Order. As this Court has recognized: "Litigants may not override the presumption of public access by simply referring a protective order." *In re Blue Cross Blue Shield Antitrust Litig.*, 2016 WL 7026339, at *3 (N.D. Ala. 2016) (Proctor, J.). Rather, "district courts must scrutinize sealing requests; otherwise, parties could effectively circumvent the public's right of access to judicial documents through the expedient of labelling everything confidential." *Id.* (citing cases).

iv. Defendants cannot move to file any of the documents under seal, because the law does not support such a motion. To the contrary, the law requires that these documents be filed in the public court record.

v. MPT has not even attempted to justify why it believes that any of the documents identified should be deemed to override the strong presumption of public access. This is particularly true given that MPT has put these documents (which involve various secret transactions between MPT and Steward designed to secretly infuse an insolvent Steward with hundreds of millions in working capital) at issue by prosecuting this defamation claim against Defendants. Defendants have asked MPT for a list of documents that MPT believes should be filed under seal and the bases for doing so, but has received no such list to date. Defendants believe that MPT is trying to delay adjudication on the merits of its claims, including the issue of whether Defendants' alleged defamatory statements are true.

vi. The Protective Order and the case law of this Court places the burden of filing documents under seal on the party seeking to file under seal. Protective Order (ECF #72) at ¶ 7; *Hill v. Averett*, 2024 WL 10007418, at *2 (N.D. Ala. 2024) ("The burden is on the party seeking to seal materials to show that there is good cause to do so."). If MPT believes any of the documents should be filed under seal, it is incumbent upon it to file a motion to file them under seal.

vii. Defendants intend to file a brief memorandum in advance of the hearing summarizing in more detail its position and supporting law on this issue.

Dated: September 24, 2024

/s/ *Wesley B. Gilchrist*
Michael L. Bell
Wesley B. Gilchrist
Meghan S. Cole
LIGHTFOOT, FRANKLIN & WHITE LLC
The Clark Building
400 20th Street North
Birmingham, AL  35203
Tel.:  (205) 581-0700

William Savitt
Sarah K. Eddy
Nathaniel Cullerton
Adabelle U. Ekechukwu
Charles M. Melman
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Tel.:  (212) 403-1000
*Attorneys for Plaintiff*

 /s/ *J. Ken Thompson (w/permission)*
J. Ken Thompson (ASB-1422-P67J)
Attorney at Law
P.O. Box 43116
Birmingham, AL 35243
201-601-5624
kent@jkenthompsanlaw.com

Richard M. Elias
ELIAS LLC
27 W. Lockwood Ave.
St. Louis, MO 63119
314-691-6824
relias@eliasllc.com
*Attorneys for Defendants*

**Certification Pursuant to Section C of the Initial Order**

Counsel hereby certifies that he has affirmatively and diligently sought to submit to the Court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the Motion, that careful consideration has been given to the contents of this submission to ensure that it does not include vague language or an overly broad citation of evidence or misstatements of the law, and that this submission is non-frivolous in nature.

*/s/ Wesley B. Gilchrist*

## CERTIFICATE OF SERVICE

 I hereby certify that on September 3, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.

         */s/ Wesley B. Gilchrist*
         Of Counsel