UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MEDICAL PROPERTIES TRUST, INC., <br><br> Plaintiff, <br><br> - v. - <br><br> VICEROY RESEARCH LLC; FRASER JOHN PERRING; GABRIEL BERNARDE; and AIDAN LAU, <br><br> Defendants. | Civil Action No. 2:23-cv-00408-RDP |

### PLAINTIFF'S RESPONSE TO DEFENDANTS' BRIEF REGARDING ISSUES TO BE ADDRESSED AT THE OCTOBER 1, 2024 STATUS CONFERENCE

This is now the second time that Defendants have submitted unsolicited merits briefing on what should be a narrow procedural dispute, and here, one that was already addressed in the parties' joint status report. (Doc. 106). Defendants want to file more than 100 of MPT's Confidential documents publicly, in connection with a proposed summary judgment motion in the middle of fact discovery. Defendants' brief suggests the only way they can move for summary judgment is by adjudicating confidentiality disputes in advance. If that's what they want, MPT understands the Protective Order (Doc. 72) and the Court's prior orders (Docs. 103, 105) to require them to file a motion challenging the confidentiality of the documents.

Alternatively, if Defendants are actually interested in trying to litigate the merits of their summary judgment motion now, notwithstanding that fact discovery is ongoing, they could file today with Confidential documents under seal in the first instance. The parties and the Court can then consider whether any documents should remain under seal when the summary judgment motion has been fully briefed and all potentially Confidential exhibits have been submitted to the

Court. That approach is far more efficient, allowing the parties and the Court to consider confidentiality issues all at once, on a full record after discovery is complete, rather than piecemeal. *See, e.g.*, *Medacist Sols. Grp., LLC* v. *CareFusion Sols., LLC*, 2021 WL 293568, at *18 (S.D.N.Y. Jan. 28, 2021) (temporarily sealing exhibits pending resolution of the motion); *N.Y.C. Transit Auth.* v. *Express Scripts, Inc.*, 588 F. Supp. 3d 424, 447 (S.D.N.Y. 2022) (same); *cf. Young* v. *City of Palm Bay*, 358 F.3d 859, 864 (11th Cir. 2004) ("A district court must be able to exercise its managerial power to maintain control over its docket."). Defendants could have taken this approach a month ago when they first asserted a desire to move for summary judgment.

This approach is particularly appropriate here because any summary judgment opposition will feature many of Defendants' documents—*every one* of which Defendants have designated Confidential under the Protective Order. Those documents further confirm Defendants' statements about MPT were false and defamatory. For example, Paragraph 63 of MPT's complaint alleges that on January 26, 2023, Defendants falsely asserted that MPT, through a joint venture, "'paid $205m for 3 hospitals worth $27m in Malta' that were purportedly 'under investigation for corruption.'" (Doc. 1, ¶ 63). Four days after this statement was published, Defendant Bernarde privately confirmed it was false, joking: "**it looks like MP[T] does not even own any of the malta jv** . . . **lmao**" because the joint venture described in Defendants' report "**owns nothing**." Ex. 1 (emphasis added). Defendants' own admissions of falsity are of course probative of falsity, as well as Defendants' state of mind, and will be relevant to any summary judgment opposition.

Similarly, Defendants' first "report" accused MPT of "constantly overpay[ing] for fire sale assets" and "[p]ervasive overpayments" totaling over $1 billion in connection with purported fraudulent "round tripping." (Doc. 1-1, pp. 10-12). As alleged in MPT's complaint, these statements were false, too. (*E.g.*, Doc. 1, ¶¶ 6, 47). The day after they were published, Defendant

2

Lau recognized as much in internal messages exchanged with Defendants Perring and Bernarde, writing: "**We cannot prove intentional overpayment.**" Ex. 2 at -231 (emphasis added). Perring responded, **"Too late!"** (because the report had already been published). *Id.* at -226 (emphasis added). Bernarde then laughed off Lau's concerns: "well, I think we have to make a stand on that one given the circumstances haha . . . **its so great not having a compliance department**." *Id.* at -225 (emphasis added).

Defendants' contention that their own discovery is irrelevant (Doc. 107, pp. 3, 8) is especially rich given recently produced evidence of their intentional spoliation. On June 20, 2023—almost two months after this case began and just days before MPT served its first document requests—Lau wrote to Bernarde that he was "gonna factory reset my phone," a maneuver that would wipe existing data from the device. Ex. 3. Consistent with that "factory reset," Lau appears to have produced *no* SMS text messages pre-dating June 20, 2023.

With facts like these, it's no wonder that Defendants claim to want "to avoid incurring substantial additional costs" associated with completing discovery (Doc. 107, p. 7) by moving for summary judgment prematurely. MPT looks forward to opposing that motion at the appropriate time, when the record of Defendants' misconduct has been fully developed. MPT is confident that it will be vindicated on the merits. Indeed, just last week, Judge Maze dismissed with prejudice a securities fraud suit based in significant part on Viceroy's statements. *See Pirani* v. *Med. Props. Tr., Inc.*, 2:23-cv-00486 (Doc. 49, p. 23) (N.D. Ala. Sept. 26, 2024) (describing Viceroy's "doom-inducing" statements made "in [their own] interest"). In the meantime, Defendants should not be permitted to leverage a meritless and premature motion for purposes of their ongoing press

campaign against MPT, nor to burden MPT and the Court with pretextual confidentiality disputes that can and should be resolved in an orderly fashion on a full record.[1]

Dated: October 1, 2024

OF COUNSEL:

William Savitt
Sarah K. Eddy
Nathaniel Cullerton
Adabelle U. Ekechukwu
Charles M. Melman
WACHTELL, LIPTON,
ROSEN & KATZ
51 West 52nd Street
New York, NY  10019
Tel.:  (212) 403-1000

LIGHTFOOT, FRANKLIN & WHITE LLC

/s/ Wesley B. Gilchrist
Michael L. Bell
Wesley B. Gilchrist
Meghan S. Cole
The Clark Building
400 20th Street North
Birmingham, AL  35203
Tel.:  (205) 581-0700

*Attorneys for Plaintiff*

---

[1] As long as Defendants continue to short MPT's stock, they have a powerful incentive to engage in PR stunts to manipulate MPT's stock price.

**Certification Pursuant to Section C of the Initial Order**

Counsel hereby certifies that he has affirmatively and diligently sought to submit to the Court only those documents, factual allegations, and arguments that are material to the issues to be resolved in the Motion, that careful consideration has been given to the contents of this submission to ensure that it does not include vague language or an overly broad citation of evidence or misstatements of the law, and that this submission is non-frivolous in nature.

*/s/ Wesley B. Gilchrist*

## **CERTIFICATE OF SERVICE**

   I hereby certify that on October 1, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will give notice of such filing to all counsel of record.

               */s/ Wesley B. Gilchrist*
               Of Counsel