FILED
2024 Nov-14 PM 12:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

FILED
2024 NOV 14 A 11: 30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**MEDICAL PROPERTIES TRUST, INC, *Plaintiff***

**v.**

**VICEROY RESEARCH LLC; FRASER JOHN PERRING; GABRIEL BERNARDE; and AIDEN LAU, *Defendants***

**Civil Action No. 2:23-cv-00408-RDP**

**MOTION TO QUASH SUBPOENA DUCES TECUM DIRECTED TO MS. MARSHALL AND REQUEST FOR COSTS**

COMES NOW, nonparty witness **Ms. Marshall**, as a Pro Se witness, and respectfully moves this Honorable Court to quash the subpoena issued by the Plaintiff, **Medical Properties Trust, Inc.**, in connection with the above-captioned matter, pursuant to Federal Rules of Civil Procedure 45(d)(3)(A)(iii) and (iv); and Federal Rule of Civil Procedure 26(b)(1). Ms. Marshall further requests that this Court award her costs associated with filing this motion. In support of this motion, Ms. Marshall states as follows:

1. **Background:** On 10/28/2024, Ms. Marshall, a nonparty witness, was served with a subpoena from Plaintiff **Medical Properties Trust, Inc.** The subpoena seeks extensive documentation and communication records related to Ms. Marshall's discussions with nonparty entities about her former employment with the Plaintiff. This request is overly broad, lacks reasonable scope, imposes an undue burden, appears to be harassing in nature, constitutes a "fishing expedition" aimed at discovering evidence for use against nonparties in unrelated litigation, and infringes upon Ms. Marshall's right to free and private speech with nonparty entities.

2. **Basis for Quashing the Subpoena:**

   **a. Overly Broad, Lacking Scope, Harassing in Nature, and a Fishing Expedition:** The subpoena requests virtually all communications Ms. Marshall has ever had with or about her former employer **Medical Properties Trust, Inc.** Such a broad request serves no specific purpose in this litigation, suggesting instead that it was issued with the intent to harass Ms. Marshall and compel disclosure of information that could be used in unrelated matters. Plaintiff's use of the subpoena in this way

amounts to an improper fishing expedition aimed at discovering potential evidence against other nonparties in unrelated litigation, rather than obtaining relevant information for this case.

**b. Alternative Access to Requested Communications**: Plaintiff should direct any request for communications with the Defendant or Defendant's counsel to the Defendant directly. As a nonparty witness, Ms. Marshall should not bear the burden of providing records or information that the Plaintiff could otherwise obtain through direct request to the Defendant.

**c. Infringement on Ms. Marshall's Right to Free and Private Speech**: The subpoena seeks to compel Ms. Marshall to disclose private communications with entities who are not parties to this litigation. Such a request infringes upon Ms. Marshall's right to free and private speech with nonparty entities. Many of these communications involve research firms and other organizations with whom Ms. Marshall has established confidentiality, and compelling their disclosure would violate her right to engage in private, uninhibited discussions and would chill the freedom of communication with these entities.

**d. Confidential and Immaterial Communications**: Many of the requested documents relate to communications with research firms and other third-party entities with which Ms. Marshall has engaged under confidentiality agreements. These communications are not material to the Plaintiff's claims against the Defendant and would require Ms. Marshall to risk adverse action for breach of confidentiality owed to nonparty entities. Plaintiff's attempt to obtain this information further demonstrates an intent to use the subpoena as a tool for gathering information outside the scope of this litigation.

**e. Undue Burden and Impossibility of Compliance**: Compliance with the subpoena would impose an undue burden on Ms. Marshall, as it is virtually impossible to retrieve all communications or to recall every instance of communication with or about **Medical Properties Trust** over an extended period. The time and resources required to search, compile, and produce such records would significantly and unfairly impact Ms. Marshall.

**f. Unreasonably Short Compliance Window**: The subpoena provides only a three-day window for compliance, which is unreasonably short given the extensive nature of the documents requested. Such a limited timeframe does not allow Ms. Marshall sufficient opportunity to locate, review, and produce the requested materials, or

otherwise respond to the subpoena, further contributing to the undue burden imposed by the subpoena.

**g. Contrary to Public Interest**: MPT's use of the court system to compel a nonparty witness to produce voluminous records, with the apparent purpose of silencing potential critics, goes against public interest. Allowing such conduct would set a dangerous precedent, effectively chilling open discourse and undermining the rights of individuals to speak without fear of unwarranted legal repercussions.

3. **Request for Relief**: Ms. Marshall requests that this Honorable Court grant this motion to quash the subpoena in its entirety or, in the alternative, issue a protective order that limits the scope of the subpoena to reasonable and relevant requests that do not infringe upon Ms. Marshall's right to free and private speech, nor compromise confidentiality agreements with third parties, that will not limit or restrict Ms. Marshall's right to free and private speech at any time during the past or going forward.

4. **Request for Costs**: Ms. Marshall further requests that the Court award her reasonable costs and fees associated with filing this motion. Given the harassing and overreaching nature of the subpoena, which appears to serve as a fishing expedition rather than a legitimate discovery tool, such costs are warranted to alleviate the financial impact on Ms. Marshall as a nonparty witness.

WHEREFORE, Ms. Marshall respectfully requests that this Honorable Court:

1. Quash the subpoena served on Ms. Marshall on 10/28/2024;
2. Protect Ms. Marshall from undue burden, harassment, and any adverse action that could arise from compliance with overly broad and harassing document requests that serve as a fishing expedition for unrelated matters;
3. Acknowledge and protect Ms. Marshall's right to free and private speech with nonparty entities;
4. Award Ms. Marshall reasonable costs and fees associated with filing this motion; and
5. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

Cassondra Marshall

Cassondra Marshall
129 Wixford Way
Alabaster, AL 35007
(205)901-7031

---

**CERTIFICATE OF SERVICE**

I hereby certify that on 11/14/2024 a true and correct copy of the foregoing Motion to Quash was served upon Attorney Wesley B. Gilchrist by electronic mail.

Cassondra Marshall